## In re HOLMES.
### Patent Appeal No. 3084.

Court of Customs and Patent Appeals.

Feb. 27, 1933.

See, also (Cust. & Pat. App.) 63 F.(2d) 644.

Milans & Milans, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 1 to 4, inclusive, and 11 and 12 of appellant's application.

Claim 1 is illustrative of the claims on appeal and reads as follows: "1. An elongated article of tubular shape formed of a relatively long section of a circumferential width substantially more than one-half the circumference of the article, and a number of shorter sections of a width to complete the circumference of the article weld-

ed to said longer section on longitudinal seams and to each other on transverse seams.

The references cited are:

Murray, 1,399,307, December 6, 1921.

Murray, 1,534,133, April 21, 1925.

The alleged invention relates to a tubular article or pipe formed of a relatively long sheet of metal, having a width greater than one-half of the circumference of the finished pipe which is bent into a U-shape. Short lengths of sheet metal, of a width correspondingly less than one-half the circumference of the finished pipe, are then bent into semicylindrical shape and welded to the U-shaped sheet. The adjacent edges of the short sections are also welded together. The article so formed is then shaped into a pipe circular in cross-section.

Claims for the process of making the pipe have been allowed. All of the claims here in issue are drawn to cover the finished article.

Both of the tribunals of the Patent Office held that the finished product claimed herein presents no characteristics which distinguish it in patentable respects from any finished pipe having longitudinal, welded seams, as shown by the patents cited. In the Murray patent, No. 1,534,133, there is disclosed a single, longitudinal welded seam in a pipe. In the Murray patent, 1,399,307, the pipe there shown has oppositely located, longitudinal, welded seams. In its decision the Board of Appeals said:

"Appellant attempts to point out features of his construction which are not found in the above patents, especially No. 1,534,-133, but there appears to be none of any substantial merit. The main point emphasized and which may have merit is the advantage of the process of making the pipe but the process is not involved here. It can hardly be said that the pipe welded together along two longitudinal seams is as strong as, or stronger than, a pipe welded along one seam. Thus this feature cannot be depended on to give it patentable merit. In considering these claims drawn to the article itself their patentability cannot be predicated upon the advantages in the process of making it. The claims to the article must depend for their patentability on the characteristics of the article itself. We are unable to find that the claims define anything patentable over the art as the pipe of applicant made up of welded together short pieces to one large sheet is not regarded as having characteristics which makes it patentable over the Murray patent 1,534,133.

"Applicant discusses the question of relative utility of his article as compared with the prior art. We think the main question involved here is whether the article itself has characteristics which makes it patentable over the prior art. As indicated we are unable to find any."

Appellant earnestly contends that to render the claims patentable it is not necessary that the product claimed shall have utility over the other articles of the prior art. In his supplemental brief he states: "* * * Appellant's position is that if an article can be applied for a useful purpose and if it is the result of inventive thought and is new, it is patentable even though it has no greater utility over other articles of the prior art or has no advantage over such prior art articles. * * *"

He then cites a number of cases holding, in effect, that it is not essential to patentability that an invention should supersede or be superior to others theretofore employed for the same purpose, and that it is sufficient if the invention be useful in itself to some degree.

We are in accord with the views expressed in the cases cited that, if an invention be useful in itself, it is immaterial upon the question of patentability whether the invention be of greater or less usefulness than like devices or products shown in the prior art.

The difficulty with appellant's position is that he assumes that, inasmuch as the pipe constructed in accordance with the claims is useful, it follows that utility of the invention is established. The fact is that the pipe so constructed may be useful, but there may be no utility in the particular form of the structure which appellant claims is invention.

Section 4886 of the Revised Statutes (35 USCA § 31) provides that: "Any person who has invented or discovered any new and useful art, machine, manufacture or composition of matter * * *" may obtain a patent. This language clearly requires that, in order to obtain a patent, the *invention* must be useful.

Both of the Patent Office tribunals held that the specific construction of pipe claimed by appellant has no characteristics which make it patentable over the prior art. The decision of the examiner, which was affirmed by the Board of Appeals, states: "Applicant's pipe is no stronger than, can not be made cheaper than, nor has any use or advantage over, any other pipe of commerce. It

has no special utility nor is it particularly adapted for any use other than that to which any pipe would be commonly put."

Appellant in his brief, after citing a number of cases, states: "These and other authorities support appellant's argument that a structure that can be made more cheaply or more advantageously than any other structure of the prior art is patentably novel, particularly when made by, and necessarily resulting from, an admittedly novel process, whether or not it may be stronger under all circumstances."

Assuming, without deciding, that the foregoing is a correct statement of the law, we find nothing in the record before us upon which it may be found that appellant's structure can be made cheaper than the pipe shown in the prior art. The specification of appellant's application makes no such claim, nor does it point out in any way that the product procured through appellant's process has any advantages over the pipe known to the prior art.

Speaking of the product claimed, the examiner in his decision stated: " * * * It is true that the appearance of the pipe—that is, the arrangement of the seams—is different and new as judged by the references. But the arrangement of the seams is but an incident of the method of manufacture and after the pipe is completed, the arrangement of the seams or the shapes of the various sections which constitute the pipe is an immaterial limitation in the article as such."

We agree with the foregoing statement. It is our view that the seams found in the product claimed, distinguishing the pipe from the prior art, are but an incident of the method of manufacture, and in themselves have no utility. Could the welding called for by appellant's process be executed with such perfection that the location of the welds could not be detected, so that there could not be said to be any seams in the pipe when finished, such a pipe would still serve the same purpose, and in the same way, that the product of appellant's process serves. In other words, in so far as utility of the product is concerned, nothing can be ascribed to a pipe having the seams of appellant's claimed product which renders such a pipe patentably distinct from a pipe having no such seams.

Appellant's invention lies in his process and not in the product produced by that process, and process claims have been allowed by the Patent Office.

Because appellant's process is patentable, it does not follow that his product is patentable. It is well established that an article well known in the art may be constructed by a new and patentable process. In re Lawson, 39 F.(2d) 667, 17 C. C. P. A. 1006, and cases therein cited.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.