### MILLS v. COE, Commissioner of Patents.
### No. 7038.

United States Court of Appeals for the District of Columbia.

Decided Sept. 26, 1938.

Howard W. Vesey, Percy H. Russell, Jr., and C. Russell Riordon, all of Washington, D. C., and Carl S. Lloyd, of Chicago, Ill., for appellant.

R. F. Whitehead, Solicitor, United States Patent Office, and W. W. Cochran, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER, Associate Justice, and PROCTOR, Associate Justice of the District Court of the United States for the District of Columbia.

MILLER, Associate Justice.

The Patent Office rejected appellant's application for a patent covering a refrigerating apparatus designed for freezing ice cream in commercial establishments. Appellant sued under the provisions of Section 4915, R.S., 35 U.S.C.A. § 63. This appeal is from a decree dismissing his bill.

The lower court made findings as follows:

"2. Plaintiff's application relates to an ice cream freezer construction. The container for the cream is surrounded by a casing into which a refrigerant such as liquid methyl chloride is fed from a compressor in a direct expansion refrigerating system. The refrigerant is introduced into the casing through the bottom thereof and evaporates, thus effecting a cooling of the cream in 'the container. The refrigerant vapor is led from the casing through an opening at the top thereof. Both the container and surrounding casing are cylindrical but are eccentrically arranged so that the space between them is increasingly greater from the bottom to the top of the device. This arrangement provides an enlarged space near the vapor outlet and allows for an extended expanse of liquid surface from which evaporation and escape of vapor may take place, while at the same time permitting an increasing accumulation of bubbles from the lower to the upper region of the casing without congestion.

"3. The Scovel patent No. 1,809,075 discloses an ice cream freezer comprising an inner cylinder about which an outer cylinder is positioned in concentric spaced relation, the adjacent ends of the respective cylinders being joined by filler rings forming an intermediate annular chamber. An opening in the bottom of the outer cylinder communicates with an inlet pipe, which serves to conduct liquid refrigerant into the space between the cylinders. Upon the top side of the outer cylinder is mounted a longitudinally extending shell having its edges sealed, preferably by welding, to the cylinder wall, and forming

a manifold enclosing with the cylinder a suction chamber. Spaced longitudinally along the portion of the outer cylinder wall enclosed by the manifold, are a plurality of openings forming outlet passages from the annular expansion chamber into the suction chamber. A main outlet opening in the intermediate upper portion of the manifold wall communicates with a suction return pipe for the vaporized refrigerant. With this arrangement, the vapor forming in the refrigerant, as it boils in the annular chamber between the cylinders, rises directly upward and finds exit into the suction chamber through the outlet openings formed in the outer concentric cylinder, the vapor being withdrawn from the suction chamber through the suction return pipe. The suction chamber thus provides an additional space through which the vapor passes after leaving the annular chamber and before entering the suction return pipe.

"4. The patent to Hamer, No. 1,472,831, discloses a cooling cylinder over which a liquid to be cooled is caused to flow. Eccentrically mounted within the cylinder is a revolving drum, the arrangement being such that the space between the cooling cylinder and the drum is greater at the top thereof than at the bottom. The refrigerating liquid is introduced into the cylinder near the top thereof by means of a perforated inlet pipe extending lengthwise of the cylinder between it and the drum. The drum has openings in its ends and the vapor from the refrigerating liquid is led off through a pipe extending axially from the center of the drum."

The evidence indicated that the surge tank, or suction chamber, at the top of the expansion chamber in the Scovel patent takes care of the eruption of gases caused by the rapid evaporation and expansion of the refrigerant and prevents the entraining thereof. However, the concentric arrangement of the two cylinders in that patent causes the accumulation of gas bubbles on the side of the inner cylinder—which contains the cream mix—resulting in the insulation thereof and a lessened refrigeration. The advantage of the Mills apparatus in this respect is that the widening space made available by the eccentric arrangement of cylinders permits the gas bubbles to spread out and rise to a wider surface, thus preventing, in one operation, both (1) the violent eruption of gases and entraining of liquid, and (2) the accumulation of bubbles around, and the consequent insulation of, the freezing surface.

The essence of appellant's claim of invention, therefore, lies in the idea of arranging the cylinders eccentrically rather than concentrically so as to provide an increasingly large space in and at the top of the refrigerant compartment to permit the ready expansion of the refrigerant liquid into vapor and its free escape.

While it may be conceded that appellant's apparatus constitutes a more effective device than Scovel's, it is not new within the meaning of patent law, and does not rise to the dignity of invention. Minnesota Min. & Mfg. Co. v. Coe, —— App.D.C. ——, 99 F.2d 986. At most it was a mere carrying forward or a new and more extended application of the original thought set out by Scovel; a change only in degree and form. As such it is not entitled to the protection afforded by a patent.[1]

Although it is true that in some instances the courts have recognized very minor changes or rearrangements in form or method as constituting invention,[2] it is apparent that in this case no more has been done than could have been done by any skilled mechanic acquainted with the needs of the industry.[3]

Affirmed.

[1] Smith v. Nichols, 21 Wall. 112, 119, 22 L.Ed. 566; Newton Steel Co. v. Surface Combustion Co., 6 Cir., 75 F.2d 305, 308; Western Willite Co. v. Trinidad Asphalt Mfg. Co., 8 Cir., 16 F.2d 446, 450, certiorari denied, 274 U.S. 737, 47 S.Ct. 575, 71 L.Ed. 1317; Midland Flour Milling Co. v. Bobbitt, 8 Cir., 70 F.2d 416, 423; Sage v. Parkersburg Rig & Reel Co., 10 Cir., 80 F.2d 954, 957. See, also, Keszthelyi v. Doheny Stone Drill Co., 9 Cir., 59 F.2d 3.

[2] Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523; The Barbed Wire Patent, 143 U.S. 275, 282, 12 S.Ct. 443, 450, 36 L.Ed. 154; Du Bois v. Kirk, 158 U.S. 58, 63, 15 S.Ct. 729, 39 L.Ed. 895; Potts v. Creager, 155 U.S. 597, 608, 15 S.Ct. 194, 39 L.Ed. 275; Brown & Sharpe Co. v. Wahl, 7 Cir., 85 F.2d 458.

[3] Atlantic Works v. Brady, 107 U.S. 192, 199–200, 2 S.Ct. 225, 27 L.Ed. 438; Pearce v. Mulford, 102 U.S. 112, 26 L.Ed. 93; Minnesota Min. & Mfg. Co. v. Coe, —— App.D.C. ——, 99 F.2d 986; Patent & Licensing Corp. v. Weaver-Wall Co., 6 Cir., 95 F.2d 182.