**REMBERT et al. v. COE, Com'r of Patents.**

No. 8185.

United States Court of Appeals for the District of Columbia.

Decided June 14, 1943.

Mr. Clair W. Fairbank, of New York City, with whom Messrs. Virgil C. Kline,

and Harry A. Mitman, both of New York City, and Lee B. Kemon, of Washington, D. C., were on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before SOPER, Circuit Judge, sitting by designation, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

The Patent Office denied the application of Rembert and Jenkins for a patent upon a cementitious composition and article, and for the method of making them. In a proceeding under Revised Statutes, Section 4915,[1] the District Court decided that nothing recited in appellants' claims amounts to an invention over the prior art; and dismissed the complaint.

On this appeal, the utility and commercial success of the product were urged in support of invention. These factors were conceded in the Patent Office; and, of course, are not sufficient in themselves to require the issuance of a patent.[2] Appellants urge, also, that the basic and novel conception of their claimed invention was in producing results never before obtained; by employing three factors which, if used singly, produce disadvantageous and undesirable results. They contend, also, that neither of the references relied upon by the Patent Office reveal their process or disclose their product; specifically, that these references are mere paper patents which are false and misleading in their teachings. The District Court found otherwise. Appellants challenge these findings, particularly, and the conclusion of the court, generally. We conclude, however, upon a careful reading of the record, that appellants' achievement was one which resulted, not from invention, but from that process of trial and error experimentation which Judge Learned Hand has characterized as the work of the routineer; modifications in the existing art within the limited imagination of the journeyman.[3] While the new product was a useful and beneficial one, from

[1] 35 U.S.C.A. § 63.

[2] Morrison v. Coe, 74 App.D.C. 335, 336, 122 F.2d 793, 794, and authorities there cited.

[3] Ruben Condenser Co. v. Copeland Refrigeration Corp., 2 Cir., 85 F.2d 537, 541: "But all new combinations are not patentable combinations. Especially in

chemical and electrical experiments happy solutions may be reached by testing out variants reached merely by permutations of old elements. Possibly the patent law should protect such industrial achievements, but it does not; the work of the well-equipped laboratory which by trial and error checks off a series of formulas,

which their assignee has profited commercially, it, and the method of making it, were no more than could reasonably be expected from one skilled in the art, making use of the teachings of that art which were available to him.[4]

Affirmed.

Mr. Justice VINSON sat during the argument of this case; concurred in the result when it was considered in conference, but resigned from the Court before the opinion was prepared.

---

may be the proper path of industrial advance, as the Germans found it to be before the Great War; but it does not demand what we call 'invention.' Something more personal to the inventor, something which better measures his imaginative powers, is required." Kirsch Mfg. Co. v. Gould Mersereau Co., 2 Cir., 6 F.2d 793.

[4] L. Sonneborn Sons v. Coe, 70 App.D. C. 97, 98; 104 F.2d 230, 231, and authorities there collected; Minnesota Mining & Mfg. Co. v. Coe, 69 App.D.C. 217, 220, 99 F.2d 986, 989, and authorities there collected.