**BLANCHARD v. OOMS, Commissioner of Patents.**

**No. 8982.**

United States Court of Appeals
District of Columbia.

Argued Nov. 23, 1945.

Decided Feb. 25, 1946.

Mr. J. Preston Swecker, of Washington, D. C., for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

The appellant here proceeded in the District Court under Section 4915, R.S., 35 U.S.C.A. § 63, seeking to have authorized the issuance of a patent on a portable radio antenna. Certain of the claims advanced by the appellant in his application to the Patent Office had been rejected on the ground that the applicant's device was not inventive in view of prior patents and because there was no showing that the appellant's arrangement of previously patented components produced any new or superior result. After trial at which appellant demonstrated his antenna, the District Court sustained the Patent Office, holding that the applicant was not entitled to a patent embracing any of the claims in question.[1]

In its findings of fact the District Court described the applicant's device in this language: "* * * an antenna comprising three flat windings arranged one within the other and mounted on a wooden framework, the windings being connected together at one end by metal rods arranged

[1] Typical is claim 5 which reads: "A radio antenna, comprising duplicate sets of a plurality of flattened windings of different longitudinal and transverse measurements, nested together with their sides in relatively close parallel relation with one another, a metallic conductor extending through the smallest winding of each set and to which one end of each of the smallest windings is connected, the other end of each smallest winding being open, pairs of metallic conductors at the ends of said winding sets extending parallel with said first conductor, one end of each of the outside windings of each set being connected to one of the conductors of the other end pair, the opposite ends of said outside and intermediate windings being open, and wire mesh screens upon the opposite flattened sides of and parallel with said windings, one end of each of said screens being connected to one conductor of one end pair and its other end being connected to the opposite conductor of each end pair to provide connecting leads of different lengths, and a conductor extending longitudinally of and between said winding sets to connect said first conductor and said pairs of end conductors together, and provide a lead for connection to the radio receiving device."

in the form of a grid. A metal screen is located on each of the flat sides of the windings and these screens are connected to each other and to the connected ends of the windings."

The device makes up into a compact, portable antenna that can be placed inside the radio, or at any other convenient location. It is said to be nondirectional, and more important, to be highly effective in bringing in overseas stations, thus eliminating the need for an elaborate outside antenna as a requisite to long range reception.

Prior patents cited by the Patent Office disclose: (1) A mental screen in the form of an elongated box; (2) windings of insulated wire on a metal cylinder; (3) inner, intermediate and outer winding layers so arranged that the outer layers electrostatically envelop the inner ones; (4) inner and outer layers of windings supported between metal cylinders; (5) two flat wire windings arranged one within the other; (6) an antenna formed by a wire sinously arranged in a single plane and supported between sheets of insulating material.

Viewing the appellant's device in the light of these prior patents it seems clear that his antenna is comprised of previously patented features. It appears to be true, however, that the nested windings, the bars forming a grid, and wire mesh screens are arranged together in a fashion which is not shown in any of the prior patents.

While admitting that the construction shown by the appellant is new, the Patent Office and the District Court have taken the position that this new arrangement of elements does not rise to the level of invention. This result has as its basis two findings of fact to the effect that: (1) "the particular arrangement of windings and screens claimed by the plaintiff in-volves nothing more than ordinary skill of the mechanic", and (2) that the arrangement fails to produce "any new or unexpected result * * * superior to the generally similar arrangements disclosed in the various prior patents." [2]

It is always difficult to appraise, in retrospect, the "inventive" character of a new arrangement of old parts, but we are convinced from a careful reading of the record that the findings of fact and conclusions of law reached by the District Court are correct. Where, as in this case, the structure on which claims are made is readily identifiable as being made up of previously patented features, all designed to accomplish the same purpose, we think it proper that the applicant's device be subjected, at the least, to the test of comparative utility. This is not to say that utility, or commercial success [3] will, by themselves, establish that the designer or mechanic has shown the "flash of creative genius" necessary to an invention.

Many decisions support, in varying terms, the proposition that for the applicant to be entitled to a patent he must bear the burden of showing more than a mere mechanical going forward with the components set out in the prior patents.[4] As an element of that burden the applicant must demonstrate that his arrangement produces "new and useful results never before attained." [5]

Appellant urges that a non-comparative test of utility should be employed in judging his claims. In support of this position he cites several cases of which In re Holmes, 63 F.2d 642, 643, 20 C.C.P.A., Patents, 899, is illustrative. There the court said, " * * * if an invention be useful in itself, it is immaterial upon the question of patentability whether the invention be of greater or less usefulness than like devices or products shown in the

[2] Findings of Fact 9, 10, P. 9 of the Joint Appendix.

[3] See: Rembert v. Coe, 78 U.S.App.D.C. 51, 136 F.2d 793; Magnaflux Corporation v. Coe, 78 U.S.App.D.C. 258, 139 F.2d 531; Murphy v. Coe, 69 App.D.C. 225, 99 F.2d 994.

[4] In Smith v. Nichols, 21 Wall. 112, 119, 22 L.Ed. 566, the court said: "But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equiv-alents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent. These rules apply alike, whether what preceded was covered by a patent or rested only in public knowledge and use. * * *" See also: Mills v. Coe, 69 App.D.C. 223, 99 F.2d 992; Minnesota Mining & Mfg. v. Coe, 69 App.D.C. 217, 99 F.2d 986.

[5] Simplex Paper Box Corporation et al. v. Rosenthal Paper Co., 8 Cir., 104 F.2d 349, 352.

prior art." It has been noted however that in the Holmes case the patent was denied on the grounds of lack of "utility" in the patentable sense. And in the other cases relied upon by the appellant,[6] the application of the above quoted standard appears to be limited to situations where the applicant is otherwise entitled to a patent, that is, where "utility" is considered the only remaining factor necessary to establish patentability. Such cases are to be distinguished from the one now before the court. This is a case where it has been found, and we think correctly, that the appellant's device is not an invention in the first instance because it represents only the "ordinary skill of the mechanic." Hence, the utility test is approached from a different footing.

In such circumstances, we believe both law and reason require that the applicant show his construction to produce unusual or superior results in comparison to the prior art. This showing must be convincing if it is to outweigh or negative the finding of only a mechanical going forward. The evidence offered by the appellant to the Patent Office and to the trial court is not convincing on this point. In the Patent Office proceedings affidavits were offered from satisfied users. These affidavits and the testimony taken at the trial are deficient on the singularly important issue of whether appellant's device is superior to those disclosed in the prior patents. It was admitted by the appellant that he had made no direct comparisons of his antenna with those on which patents had previously issued. Likewise, there is nothing in the record to show that any of those who praised his device had made such comparisons. This type of test would appear to be a minimum requirement for the appellant if he is to show invention by reason of improvement over the prior art. We do not think it enough that appellant's antenna had been compared with other varieties not asserted against him by the Patent Office citation of prior patents.

Affirmed.

---

[6] Seymour v. Osborne, 78 U.S. 516, 11 Wall. 516, 20 L.Ed. 33; Hildreth v. Mastoras, 257 U.S. 27, 42 S.Ct. 20, 66 L. Ed. 112; Lamb Knit Goods Co. v. Lamb Glove & Mitten Co., 6 Cir., 120 F. 267.