39 C.C.P.A.(Patents)

## Application of MILLER.

### Patent Appeal No. 5888.

United States Court of Customs and
Patent Appeals.

May 28, 1952.

Emery, Varney, Whittemore & Dix, New York City, (Nichol M. Sandoe, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 5, inclusive, in appellant's application for a patent on an alleged invention consisting of an improvement in a sensitized photographic element or article adapted for use in the art of color photography.

The references are: Murray et al. 2,140,-847 Dec. 20, 1938; Murray et al. 2,159,600 May 23, 1939; Sanders-Dolgoruki 2,163,325 June 20, 1939; Wilmanns et al. 2,224,329 Dec. 10, 1940.

Claim 1 is illustrative of the first four claims and reads as follows:

"1. A photographic element for use in making transparent color prints, comprising, a transparent base, a layer of emulsion on one face thereof, said layer containing silver halide and a color former, a second layer of emulsion on the same face thereof, said second layer also containing silver halide and a color former, the color former contained in said second layer having different color forming characteristics from those of the first layer, the sensitivity of the emulsion of each layer to white light or to light of any color being the normal sensitivity of the silver halide itself."

It is noted that in response to a requirement of division the claimed subject matter was divided out from appellant's copending application, Serial No. 629,391, which involves claims directed to the method in which the photographic element in issue is utilized in making transparent color prints.

Appellant by the application and rejected claims presented here proposes to in-

corporate color formers [1] in layers of emulsion which are not sensitized. He urges that his improvement, the importance of which has been demonstrated in actual commercial practice, for the first time provides for the rapid production of transparent color prints suitable for use in the motion picture industry, a field in which his assignee, Republic Picture Corporation, is a large and active factor. Appellant in support of his claims relies upon the following assertion in his specification:

"One of the advantages of the invention heretofore described lies in the flexibility of the process and in the ability to exercise complete and sensitive control of the developed colors. Thus by proper control of the contrast of the separation negatives, by proper selection of the color formers, and by proper adjustment of the intensity or time of the exposures of the emulsion layers, or both, it is possible to accurately control the saturation of color and the contrast of color in each layer of color."

The patent to Murray et al., No. 2,159,600, definitely discloses in its Figure 3 of the accompanying drawings and in the specification thereof that "it is possible to include the colour former, when its solubility and freedom from action on the photographic emulsion so permit, in the emulsion layer in which the coloured image is to be produced," and that "The addition to the emulsion layer may be effected during manufacture or subsequently by bathing." Moreover, appellant has acknowledged in his specification that "it is old to coat a film base with a plurality of layers of emulsions, each containing a color former having different color forming characteristics from those of each other layer."

It is therefore evident that all of the limitations of claim 1 are anticipated by the disclosure of that which is old in the art, with the exception of the limitation contained in the final statement of the claim that "the sensitivity of the emulsion of each layer to white light or to light of any color being the normal sensitivity of the silver halide itself." That clause means, as indicated in claim 2, that the two emulsion layers are not color sensitized.

The issue thus presented as to the first four claims is whether the omission of color sensitization in the two emulsion layers is a matter of invention.

The omission of an element or a step in a process, with a corresponding omission of the function thereof, as the Solicitor for the Patent Office asserts, does not as a rule constitute invention. However, the omission of such an element or step which results in a wholly different structure or process and a great and unexpected advance in the art is recognized by the courts as patentable subject matter. Richards v. Chase Elevator Company, 159 U.S. 477, 16 S.Ct. 53, 40 L.Ed. 225; Lawther v. Hamilton, 124 U.S. 1, 8 S.Ct. 342, 31 L.Ed. 325; In re Anthony, 147 F.2d 695, 32 C.C.P.A., Patents, 868; Hardinge Bros. v. Marr Oil Heat Mach. Corporation, 7 Cir., 27 F.2d 779, 781. In the case last cited the Circuit Court of Appeals, Seventh Circuit, held:

"The omission of an element of a combination, without retaining its function, is not invention. Yet, if the element does not contribute to the success of the combination, but prevents or defeats it, the omission of such an element may be invention. * * *"

The excerpt from appellant's specification hereinbefore set forth conveys the

---

1. "Color formers, in brief, are chemical compounds which, if present during the development of a silver halide image, are oxidized by the reaction products of the development to produce water insoluble dyes. The dyes are produced in proportion to the silver developed, so that where the silver halide is exposed and capable of silver development, there will also be color development; and where the silver halide is unexposed and there is no silver development, there will be no color development. After development, if the undeveloped silver halide is removed by the usual fixing bath, and the developed silver is removed in a bleaching bath, a colored image corresponding to the silver image will be left." (Excerpt quoted from appellant's brief.)

342

impression that in the structure claimed by appellant, choice of detail and the approach to accuracy in reproducing the actual scene is left to the skill of the operator. There is no evidence presented in the record, as the board properly noted, of any unexpected results which ensue from the use of appellant's film as composed. Where, as here, results superior to those produced by the references of the prior art, or public knowledge and use, constitute the basis for the claim of invention, the making of comparative tests and the establishment of the unexpected and superior results never before attained must be established by a proper showing. Blanchard v. Ooms, 80 U.S.App.D.C. 400, 153 F.2d 651; certiorari denied, 329 U.S. 715, 67 S.Ct. 46, 91 L.Ed. 621.

The evidence offered by appellant to support his claims, including the somewhat different but unpatentable limitations of appealed claim 5, is wholly deficient with respect to the new results attained by his alleged invention. For that reason, the decision of the Board of Appeals must be affirmed.

Affirmed.

JACKSON, J., sat during the argument in this case but retired April 1, 1952, before the opinion was fully prepared. He was recalled in conformity with Section 294(c) (d), Title 28 U.S.C. to participate in the decision and did so.