**BLANCHARD v. MARZALL, Commissioner of Patents.**

**Civ. No. 1572–51.**

United States District Court
District of Columbia.

Dec. 15, 1952.

Benjamin W. Blanchard, Jr., pro se.

E. L. Reynolds, Washington, D. C., for defendant.

McGUIRE, District Judge.

The claimed invention relates to a portable antenna for radio and television reception,

"comprising a first set of several flattened windings of insulated antenna wire. Each winding is different in size and arranged on a rectangular insulating rack one within another in telescoped fashion. One end of the innermost winding is conductively connected to a metallic rod transversely supported on the center portion of the rack, while one end of each of the remaining windings is respectively conductively connected to other transverse metallic rods supported at the outer portions of the rack. The other end of each of the windings is left 'open' or 'dead ended'. An additional rod longitudinally supported on the rack electrically connects all of the transverse rods together and also serves as a terminal to which a radio receiver is connected. A second set of telescoped windings, identical to the windings described, is arranged beside the described windings in 'bilateral relation' and supported on the same rack. Connections of one end of each of these second windings is made to the same transverse rods to which the first set of windings is connected. Disposed on opposite flat sides of the outer windings of both sets are alternate layers of conductive screening and insulation, the screens being electrically connected to the outer transverse rods by means of tabs." (Examiner's Statement, pp. 1, 2)

The claims, which are ten in number, were rejected on three grounds. First, on

126

the ground of public use and sale more than one year before the filing date of the application involved in this case; second, as being unpatentable over the art of record; and third, on the ground of *res judicata,* in view of Blanchard v. Ooms, 80 U.S.App. D.C. 400, 153 F.2d 651.

These grounds of rejection will be taken up seriatim:

■ First, as far as public use and sale is concerned: the device in the present case is *different* from that with respect to which there was adjudication in the case cited. Yet claims 2, 3, 6 and 8, like claims 1, 4 and 9, were rejected on the basis of public use and sale and on the further ground that they are predicated on the device shown in the applicant's earlier application. I cannot conclude that this is so, therefore this basis of rejection falls of its own weight.

■ With reference to ground two, the position of the Patent Office apparently is that the claims are unpatentable since the applicant has failed to show that his antenna exhibits novel results over the results obtained by the prior art of antenna of record. (Board, p. 5) This is at complete variance with the experience of the Court, for the device here, after demonstration, unquestionably exhibited results of a strikingly novel character entirely different from that of the device rejected in Blanchard v. Ooms, supra, with which it was compared. I conclude further, that the claims with which we are concerned here are *not* the same as those disposed of in the case referred to. And the Examiner admits this. (Examiner's Statement, p. 7)

■ The Court is also conscious of the pertinency of the reference to Walker on Patents, 6th Ed., p. 170, namely: "It is enough if the two devices are substantially the same, or if the advance from one to another did not amount to invention * * *" But similarity does not connote substantial identity and the Board, apparently realizing this, was content to use the former characterization rather than the latter, and predicates its affirmance of the position taken by the Examiner squarely on Blanchard v. Ooms, supra. (Board, pp. 5, 6)

■ The Court is also aware of the validity of the rule of law so succinctly laid down by Judge Fahy in Standard Oil Development Co. v. Marzall, 86 U.S.App.D.C. 210, 181 F.2d 280, at page 282, that a new device, no matter how useful it may be, "'must reveal the flash of creative genius not merely the skill of the calling. If it fails, it has not established its right to a private grant on the public domain'", citing Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58, as controlling.

Nor is the Court here rejecting the decision of the Patent Office, by failing to give this expert body's decision the weight to which it is entitled, *if* its rejection of the claims had been made on the *same record* as was before the Court of Appeals in Blanchard v. Ooms, supra. But here there was before *this* Court that evidence substantial in character, which that Court, speaking through Judge Fahy in the Standard Oil case, found absent, namely, demonstrations clearly indicating the superiority of the device in question—plus a comparison made with that in controversy in the Blanchard case.

The Court concludes, therefore, the improvement brought about bridges the gap between what Judge Fahy has said "lifts the claims to the level of patentability over and above a prior art". Id., supra, 181 F.2d at page 284.

In Blanchard, Jr., [80 U.S.App.D.C. 400, 153 F.2d 653] the Court said the evidence at the trial was "* * * deficient on the singularly important issue of whether appellant's device is superior to those disclosed in the prior patents." And further, found "* * * in the light of these prior patents it seems clear that his antenna is comprised of previously patented features. * * *" However, in this case a comparison *between* the antenna involved *there*, as has been said, and the one here under discussion definitely makes up for the lack of test the Court found critical and necessary as "* * * a minimum requirement for the appellant if he is to show invention by reason of improvement over the prior art" (Id. supra) assuming arguendo it applies.

At the trial of this case the plaintiff testified that the antenna here under discussion was non-directional, compact, and eliminated static and clarified reception. And if my memory serves me correctly, and if my notes are accurate (the Court not being possessed of a transcript), the applicant claims that the specific use of coils and their windings in relation to the screen structure by virtue of their combined inductive capacity not only eliminated static but in the performance of the same function stimulated and magnified signal strength, which was so patently clear upon demonstration as to leave no room for doubt. Thus meeting the objection set forth by the Examiner that

> "* * * nowhere is satisfactory evidence * * * evident which shows appellant's device to exhibit utility or advantages over the reference antennae. The claims, while defining a *different* structure [italics supplied] are held not to define a structure amounting to invention." (Examiner's Statement, p. 7)

In conclusion, it appears to me and I so find, that the screen structure indicated in claims 2, 3, 6 and 8 is patentably distinct from the prior antenna, and I further agree with the contention of the plaintiff that his structure discloses elements not contained in the prior art—even if only in the addition of an extra layer of screening. And *if*, but not concluding, as the Examiner says, this is "* * * the only difference between the two structures" I find it by results to involve something more than the mere skill of the artisan, namely the employment of the inventive faculty in a crowded art. Factually, I find invention.

With reference to the third ground of *res judicata,* the contention that the claims here contain no patentable subject matter over what was disclosed in Blanchard, supra, is also without application in view of what has been said above. Thus rejection on this ground also falls. This memorandum opinion will serve as Findings of Fact and Conclusions of Law. Order accordingly.