**DOUGLAS AIRCRAFT COMPANY, Inc., and Douglas H. Moreton, Appellants,**

v.

**Frederick H. MUELLER, Secretary of Commerce, and Robert C. Watson, Commissioner of Patents, Appellees.**

No. 15382.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 28, 1960.

Decided April 7, 1960.

---

**352**

Mr. Francis C. Browne, Washington, D. C., with whom Mr. Gerald H. Peterson, Santa Monica, Cal., was on the brief, for appellants.

Mr. Clarence W. Moore, Solicitor, United States Patent Office, for appellees.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The question comes down to whether the claim of appellants, herein referred to for convenience as Moreton, amounts to patentable invention considered in light of the prior art represented by a patent to Watson, No. 2,636,862. The Examiner and Board of Appeals in the Patent Office ruled against Moreton, as did the District Court after a trial de novo in an action pursuant to 35 U.S.C. § 145 (1958). The appeal is from the judgment dismissing the Moreton complaint.

Involved is a chemical composition useful as a hydraulic fluid, particularly in aircraft. Watson's patent was for such a composition. It listed as requirements for hydraulic fuels the properties of inertness, resistance to oxidation, "fluidity over a wide range of temperatures, at least as low as about—40° F to about—60° F, low volatility at a temperature at least as high as 200° F or higher and non-flammability." Types of ingredients listed by Watson as producing such a composition include "a mixed alkyl aryl phosphonate, for example an alkyl aromatic phosphonate such as dioctyl styrene phosphonate." Listed also by Watson are what are termed viscosity index-improving agents, with special reference to "polymerized methacrylic acid esters." He states that the "esters to be used should have molecular weights from about 5,000 to 25,000 preferably 5,000 to 15,000." The aliphatic alcohols used in making the viscosity index-improving esters have "two to fifteen carbon atoms."

Moreton seeks a patent in the same general area of aircraft hydraulic fluid. He specifies a composition of a particular phosphonate (dibutyl phenyl phosphonate) plus a particular polymerized methacrylate (poly alkyl methacrylate), claiming for this composition, *inter alia*,

an adequately high viscosity at high temperatures and a low viscosity at low temperatures, thus providing a distinct improvement and unexpected result over any particular combination specified by Watson.

■ It is true that Watson does not disclose the specific composition claimed by Moreton, so that Moreton's composition is novel.[1] [174 F.Supp. 442, 445.] Of course novelty does not amount to patentable invention if the novel composition would be obvious to one having ordinary skill in the art. See 35 U.S.C. § 103 (1958). No finding that it would be so obvious was made by the District Court, and there was evidence that the Moreton combination would not be obvious to one having ordinary skill in the art. In this connection the evidence showed that the dioctyl styryl phosphonate, said by Moreton to be disclosed by Watson, when combined with methacrylates used by Moreton, was virtually solid at certain aircraft operating temperatures, that is, was inoperative; whereas Moreton's composition of dibutyl phenyl phosphonate and a poly alkyl methacrylate having from 4 to 6 carbon atoms in the alkyl groups, and lying within a specified limited molecular weight range, was effective as an aircraft hydraulic fluid and unobvious to those having ordinary skill in the art.

■ The Commissioner points out, however, that where unexpected superiority over a reference patent—that is "the production of unusual and unexpected results"—is relied upon for patentability, there must be at least evidence as to comparative tests between the application and the reference, citing

Blanchard v. Ooms, 80 U.S.App.D.C. 400, 153 F.2d 651, certiorari denied 329 U.S. 715, 67 S.Ct. 46, 91 L.Ed. 621, and In re Swentzel, 219 F.2d 216, 42 C.C.P.A. 757, which cites Blanchard. The Commissioner contends that the record does not include evidence that a comparison has been made between the fluid composition containing dibutyl phenyl phosphonate and one containing dioctyl styrene phosphonate. Appellant claims that this has been done and that the result showed that the Watson composition was inoperative, as the court found. The Commissioner counters that the finding was that Moreton has shown that dioctyl styryl phosphonate in only two of three isomers[2] is inoperative as a hydraulic fluid, and that Moreton has "not shown inoperativeness of still another isomer of dioctyl styryl phosphonate."[3]

We think in the end the question boils down on this aspect of the case to whether it was necessary for Moreton to prove inoperativeness of Watson with respect to the third isomer of dioctyl styryl phosphonate. As to this Moreton contends such inoperativeness should be presumed from the showing in respect of the two isomers. The fact is that at the trial itself the Commissioner introduced no evidence that there were more than two isomers of dioctyl styryl phosphonate, but after conclusion of the taking of testimony urged there was a third, called di-normal-octyl styrene phosphonate. Since Moreton had not tested this third isomer, the Commissioner argued Moreton had failed to carry his burden of proof. Moreton then requested that the record be reopened to enable him to rebut this new contention. The request was denied.

1. The District Court said: "Both plaintiff and the Patent Office agree on the fact that Watson does not disclose the specific composition claimed by the plaintiff and thus this composition does possess novelty."

2. The term "isomers" refers to compounds which are similar in that they are all composed of the same elements united in the same proportion by weight, but different in structure. Here it refers

to those phosphonates in which the alkyl group contains eight carbon atoms.

3. The Commissioner urges that the evidence of inoperativeness, to the extent it was attempted to be shown, was insufficiently strong, in any event, but we do not accept this contention in light of the court's finding. On the remand the court in its discretion can permit additional evidence pro and con on this subject.

We think this was error in all the circumstances, especially considering the fact that with the use of the two isomers as to which there was test evidence, Watson was found inoperative. When, after trial, the third isomer came on the scene, not by evidence but by briefs, the right to introduce evidence on the subject should have been granted if, as was the case, the decision might have been different if the new evidence should also support the claim of Moreton that Watson was inoperative. In that event the unexpected result achieved by Moreton, though within the general area of Watson, might well be found to have been a combination not obvious to one ordinarily skilled in the prior art, and this, with admitted novelty, would entitle him to a successful outcome of his action in the District Court.

Reversed and remanded.

Fahy, Circuit Judge, dissented.