The GENERAL TIRE & RUBBER COM-
PANY, and Kermit V. Weinstock,
Plaintiffs,

v.

David L. LADD, Commissioner of
Patents, Defendant.

Civ. A. No. 2371–61.

United States District Court
District of Columbia.

July 9, 1963.

———◆———

Munson H. Lane, Washington, D. C.,
McCoy, Greene & TeGrotenhuis, Cleve-
land, Ohio, Frank W. Knowlton, Frank
J. Earnheart, Akron, Ohio, for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent
Office, Washington, D. C., for defendant.

JACKSON, Judge.

This civil action was brought pursuant
to the provisions of 35 U.S.C. § 145 in
which the plaintiffs seek to have this
Court authorize the defendant, Commis-
sioner of Patents, to grant a patent based
upon rejected composition claims 1 and 9
through 12, inclusive, of application
Serial No. 366,397 filed July 6, 1953,
entitled "Stable Dispersible Accelerator
Masterbatch". The corporate plaintiff is
the record assignee of the application.

Process claims 13 to 16 were deemed
allowable by the Board of Appeals in its
decision on a request for reconsideration.

Involved claims 11 and 12 depend upon
claim 10, and, therefore, stand or fall
with that claim.

Claim 9 has all the limitations of claim
1 with the addition that the ratio of poly-
mer to accelerator is sufficiently high to
provide a continuous phase of rubbery
material.

Claim 10 is somewhat broader than
claim 1 in that the relative proportions of
polymer and polysulfide in the composi-
tion is not stated, but it is stated that the
rubbery polymer constitutes at least 25%
of the total weight of the composition
forming a continuous phase of rubber.

With respect to the prior art, in the
opinion of the Court, consideration of
claim 1 is sufficient to determine the is-
sue involved. Claim 1 reads as follows:

"An accelerator masterbatch for
addition to a rubber during the com-
pounding of the same consisting es-
sentially of 25 to 75 parts by weight
of an unmasticated, unvulcanized
rubbery polymer of a conjugated dio-
lefinic compound of less than 8 ali-
phatic carbon atoms and 75 to 25
parts of at least one water insoluble
solid organic thiuram polysulfide ac-
celerator, the accelerator being in
the form of the particles as de-
posited from aqueous slurry, the
polymer and the accelerator being
free of the interblending had by
mastication of the polymer in con-
tact with the accelerator and by
melting of the accelerator in contact
with the polymer, whereby said mas-
terbatch is characterized by being
stable for extended periods of stor-
age at normal temperatures."

The rejection of the involved claims
was made on the basis of the prior art
patent to Glenn, No. 2,640,088, issued
May 26, 1953, entitled "Vulcanization
Accelerators". In that patent it is stat-
ed that the use of solid accelerators of
the polysulfide type—tetramethyl-thi-
uram disulfide—with rubber has some

**653**

disadvantages, and that those disadvantages might be overcome by forming the accelerator into pellets by adding to the powdered accelerator a small amount of binder comprising the rubber latex solids and water to make a wet paste for extrusion through a screen or die. The quantity of the latex solids used can vary from 0.05 to 3.5 parts per 100 parts of accelerator powder, though up to 5% or more is suggested if a free-flowing pellet is not undesirable.

The patentee indicates that use of a hardener up to 5 parts per 100 parts of accelerator would effectively eliminate lumping of the pellets so that it would possess a free-flowing property, and that the use of more than 3.5 parts of latex solids is said to give the pellet a "rubbery feel".

Plaintiff asserts that the critical feature of the invention and the principle issue here is whether a composition containing polysulfide accelerator and rubber, with the rubber in sufficient amount to make a continuous phase of rubber, sufficiently distinguishes over the reference disclosure as to be unobvious and, therefore, patentable.

It is not denied nor challenged by counsel for plaintiffs that in the Board of Appeals' finding with respect to "continuous phase" there is nothing in the disclosure to suggest that any amount of rubber is needed to give that property to the mixture. In fact, the disclosure states that the proportions "may vary widely". Furthermore, the use of the term "masterbatch" appearing in the application does not require that the rubber be in "continuous phase" as was stated by plaintiffs' expert witness. Therefore, in the opinion of the Court, the contention that "the critical feature" includes the use of rubber in quantity (over 25%) sufficient to form a continuous phase is not supported by the disclosure of the application. It may be observed that claim 1 does not contain that limitation. It is to be noted that claim 1 defines a mixture of accelerator and rubbery polymer in stated ranges, the accelerator being in

the form of particles as deposited from an aqueous slurry. In the opinion of the Court that composition is old in the prior art with respect to the specific materials. The limitations of claim 1 would be fully met by the reference except that in the claim 25 parts of rubber are to be used in making the mixture and that is not specifically set out in Glenn.

The specific disclosure of the reference patent speaks of 3.5 parts of latex solids per 100 parts of the accelerator, but also, it is suggested in the reference that more rubber may be used with the pellets to give them a rubbery feel even when a hardening agent is added. Plaintiffs' witness said that he did not know how much rubber would have to be used to provide a coagulum having a rubbery feel.

Because the patent reference mentions the characteristic of a rubbery feel when more than 3.5 parts of rubber are used, it seems to the Court that the plaintiffs should have made a more definite showing, comparing and relating "rubbery feel" with percentages of rubber in order to meet their burden of proof. Blanchard v. Ooms, 80 App.D.C. 400, 153 F.2d 651. The Court noticed that in its rejection the Board of Appeals based its reasoning on the composition before it was extruded as set out in the reference.

The contention of criticality with respect to ratio of the parts, in the opinion of the Court, is unsupported by plaintiffs' proofs. The reference suggests that more rubber may be used than that specifically mentioned, and because of that fact the public should be free to utilize the suggestion. It would be obvious to employ changes in the amount of rubber.

In the opinion of the Court, claim 1 is unpatentable over the prior art.

The Court is of the opinion that the limitation set at 25% of rubber is arbitrary, not critical, and without patentable significance. The basic composition is old and the reference suggests variations in the amounts of the several ingredients used or in their relative proportions. These suggestions are well within the

**654**

skill of the art, the only main difference being that of degree.

In view of the record herein, together with a careful consideration of the briefs filed by counsel for the parties, the Court holds that the proof adduced here does not convince it of clear error on the part of the Board of Appeals. Therefore, the patentability of the involved claims should be denied.

In view of what has been said hereinbefore, the Court finds for the defendant, and concludes that the Complaint should be dismissed as to all of the involved claims.