## UNITED STATES *v.* ESNAULT-PELTERIE.

No. 41.   Argued October 22, 1936.—Decided December 7, 1936.

*Mr. Drury W. Cooper,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Alexander Holtzoff* and *Lee A. Jackson* were on the brief, for the United States.

*Mr. Eugene V. Myers,* with whom *Messrs. Edwin J. Prindle* and *R. Keith Kane* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent is a citizen and resident of the French Republic and authorized to sue the United States in the Court of Claims.[1] His amended complaint alleges a cause of action under the Act of June 25, 1910, as amended,[2] for the use and manufacture by or for the United States of a device covered by his patent No. 1,115,795, dated November 3, 1914, which describes means for the control of the equilibrium of airplanes by the simple oscillation of a single lever moving in all directions and operated by one hand. Defendant filed a general traverse. After taking evidence, the court made special findings and stated as its conclusion of law that the plaintiff was entitled to recover. It did not specifically find the patent valid or that defendant infringed it. The record does not show whether at first the conclusion of law contained any statement as to validity or infringement. Pursuant

---

[1] Judicial Code, § 155, 28 U. S. C., § 261.
[2] Act of June 25, 1910, 36 Stat. 851, as amended by Act of July 1, 1918, 40 Stat. 705. 35 U. S. C., § 68.

to stipulation and in accordance with its rule, the court postponed entry of final judgment pending the taking of testimony upon the question of compensation.[3] On defendant's motion, the court amended its conclusion of law to read: "Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court decides as a conclusion of law that the plaintiff's patent is valid and has been infringed by the United States and that he is entitled to compensation therefor under the act of June 25, 1910  . . ." It filed an opinion in which it states: "In conclusion we hold that the patent in suit is valid and has been infringed by the defendant." The court entered judgment in accordance with the amended conclusion of law.  We granted writ of certiorari.[4]

Plaintiff's contentions are based on claims 2 and 5 to 9.  Claim 2 is: "An aeroplane having distortable wings for maintaining transverse stability, a rudder for maintaining longitudinal stability, a lever controlling said wings and said rudder, a steering rudder, and a separate lever controlling said steering rudder."  Claim 5 is: "In an aeroplane, the combination of means for producing

---

[3] "In any patent suit it shall be competent for the parties to stipulate that the hearing in the first instance be limited to the issues of validity and infringement and when no such stipulation can be reached by the parties the court may order such procedure to be followed.

"If the patent is held valid and infringed by the United States the court shall so adjudge and the case shall thereafter proceed according to law."  Court of Claims Rule 39.

[4] "In any case in the Court of Claims  . . .  it shall be competent for the Supreme Court, upon the petition of either party,  . . .  to require, by certiorari, that the cause, including the findings of fact and the judgment or decree, but omitting the evidence, be certified to it for review and determination with the same power and authority, and with like effect, as if the cause had been brought there by appeal." § 3 (b), Act of February 13, 1925, 43 Stat. 939.  28 U. S. C., § 288.

lateral stability, means for producing longitudinal stability, and a single vertical lever movable in every direction for operating both said means for producing lateral stability and said means for producing longitudinal stability." Each of the other claims relied on contains the substance of claim 5 with variations and additions not here important.

On the facts found the petitioner contends: Respondent's patent is invalid as claiming a device not patentable over prior disclosures. No element of invention is found in the asserted instinctive character of the operation of the control lever. The patent, if held valid in any respect, should be limited to a combination comprising a pair of vertical control levers with a single integral or unitary tail surface of an airplane, and so construed is not infringed. The vertical control lever did not constitute invention over the structure disclosed in the respondent's 1906 French patent, application for which was filed more than one year before that for the patent in suit.[5] The claims are not supported by the disclosure. Plaintiff's patent is invalid because the claims on the control lever were not inserted in the application until five and one-half years after filing, while the device came into general use in the United States prior to that time.

---

[5] "No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section 31 of this title, . . . prior to the filing of the application in this country, in which case no patent shall be granted in this country. . . ." R. S., § 4887, (§ 25, Act of July 8, 1870, 16 Stat. 201) as amended by § 3, Act of March 3, 1897, 29 Stat. 693 and § 1, Act of March 3, 1903, 32 Stat. 1225. 35 U. S. C., § 32.

Validity and infringement are ultimate facts on which depends the question of liability.[6]  In actions at law they are to be decided by the jury.  If the evidence is not sufficient to establish validity and infringement, it is the duty of the trial court to direct a verdict for defendant.[7]  Similarly a judgment upon a special verdict cannot be sustained unless the findings extend to all material issues.[8]  The same principle governs in cases brought here from the Court of Claims.[9]  On writ of certiorari to that court, the record is required to include the pleadings, findings of fact and the judgment.  The opinion, if any, is also included.  The findings are required to be in the nature of a special verdict and specifically to set forth the ultimate facts; the evidence is not brought up.[10]  As by its general traverse defendant put in issue all allegations of the complaint, the findings in order to be sufficient to sustain judgment for plaintiff must specifically decide questions of validity and infringement, and also include circumstantial facts sufficient to warrant the court's conclu-

---

[6] *Wood* v. *Underhill,* 5 How. 1, 5–6.  *Battin* v. *Taggert,* 17 How. 74, 85.  *Bischoff* v. *Wethered,* 9 Wall. 812, 814.  *Keyes* v. *Grant,* 118 U. S. 25, 37.  *Haines* v. *McLaughlin,* 135 U. S. 584, 597.  *St. Paul Plow Works* v. *Starling,* 140 U. S. 184, 196–197.  *Coupe* v. *Royer,* 155 U. S. 565, 577, *et seq.*  *United States* v. *Anciens Etablissements,* 224 U. S. 309, 322.  *Thomson Welder Co.* v. *Ford Motor Co.,* 265 U. S. 445, 446.  *Stilz* v. *United States,* 269 U. S. 144, 147.

[7] *Black Diamond Co.* v. *Excelsior Co.,* 156 U. S. 611, 618.  *Gunning* v. *Cooley,* 281 U. S. 90, 93–95.  Cf. *Keyes* v. *Grant,* 118 U. S. 25, 36–37.  *Royer* v. *Schultz Belting Co.,* 135 U. S. 319, 325.

[8] *Chesapeake Insurance Co.* v. *Starke,* 6 Cranch 268, 273.  *Prentice* v. *Zane's Administrator,* 8 How. 470, 484.  *Graham* v. *Bayne,* 18 How. 60, 63.  *Burr* v. *Des Moines R. & N. Co.,* 1 Wall. 99, 102.  *Ward* v. *Cochran,* 150 U. S. 597, 608.  *Luckenbach S. S. Co.* v. *United States,* 272 U. S. 533, 539.  Clementson, Special Verdicts, p. 204.

[9] *Mahan* v. *United States,* 14 Wall. 109, 111–112.  *Luckenbach S. S. Co.* v. *United States,* 272 U. S. 533, 539.

[10] § 3 (b), Act of February 13, 1925, 43 Stat. 939.  28 U. S. C., § 288. Rule 41, pars. (3), (4).

sion in respect of the main issues.[11]  The special findings may not be aided by statements in the conclusions of law [12] or the opinion of the court [13] to the effect that the patent is valid and infringed.

The court having failed to find that the patent was valid or had been infringed, the judgment cannot be sustained unless upon inspection of the findings of fact it is plain that they are sufficient to compel decision of those issues in favor of plaintiff.[14]  The contentions of the parties—briefly above indicated—raise complicated and difficult questions affecting validity and infringement.  There are 47 findings of fact covering more than 32 pages of the record and by reference including 28 exhibits on 266 pages.  The failure of the lower court to make specific findings upon the main issues does not lay upon this court the duty of examining, analyzing and comparing the circumstantial facts found to ascertain whether as a matter of law they establish validity and infringement.[15]

The judgment will be vacated, the case will be remanded to the Court of Claims for such proceedings in harmony with this opinion as that court may determine,

[11] *Anglo-American Land, M. & A. Co.* v. *Lombard,* 132 Fed. 721, 734.  See *Ross* v. *United States,* 12 Ct. Cls. 565, 571, 572.  Clementson, Special Verdicts, pp. 209, 215.

[12] *French* v. *Edwards,* 21 Wall. 147, 151.  *Sun Mutual Ins. Co.* v. *Ocean Ins. Co.,* 107 U. S. 485, 501–503.  *Kealing* v. *Vansickle,* 74 Ind. 529, 536.  *Knight* v. *Kerfoot,* 184 Ind. 31, 39; 110 N. E. 206; *Houtz* v. *Union Pacific R. Co.,* 33 Utah 175, 195; 93 Pac. 439.

[13] *Stone* v. *United States,* 164 U. S. 380, 383.  *Crocker* v. *United States,* 240 U. S. 74, 78.  *Brothers* v. *United States,* 250 U. S. 88, 93. *United States* v. *Wells,* 283 U. S. 102, 120.

[14] *United States* v. *Pugh,* 99 U. S. 265, 270.  *Ripley* v. *United States,* 220 U. S. 491, 496.  *Winton* v. *Amos,* 255 U. S. 373, 395.  *Botany Mills* v. *United States,* 278 U. S. 282, 290.  *United States* v. *Wells,* 283 U. S. 102, 120.

[15] *United States* v. *Adams,* 6 Wall. 101, 110, 111.  Cf. *Indiana Farmer's Guide Co.* v. *Prairie Farmer Co.,* 293 U. S. 268, 281.

and with instructions that it specifically find whether plaintiff's patent in suit was valid and, if found valid, whether it was infringed by the defendant.[16]

*It is so ordered.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.

---

[16] *United States* v. *Adams,* 9 Wall. 661, 663.  *Winton* v. *Amos,* 255 U. S. 373, 395–396.  *Louisville & Nashville R. Co.* v. *United States,* 258 U. S. 374, 377.  *Fidelity & Deposit Co.* v. *United States,* 259 U. S. 296, 303.  *Luckenbach S. S. Co.* v. *United States,* 272 U. S. 533, 539.  *United States* v. *Jefferson Electric Co.,* 291 U. S. 386, 406.