**EPPENSTEINER et al. v. COE, Com'r of Patents.**

**No. 7395.**

United States Court of Appeals for the District of Columbia.

Decided April 29, 1940.

Joseph H. Milans and Calvin H. Milans, both of Washington, D. C., and Eugene V. Myers and Abraham Engel, both of New York City, for appellants.

William Wallace Cochran, U. S. Patent Office, of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment dismissing, for lack of invention, a bill to authorize the issue of a patent.[1]

The claims relate to a method and an apparatus for casting copper or similar metal in vertical molds. The purpose is to avoid "pitting" and "cold sets" due to splashing. Applicant uses a manually operated overflow ladle, with a discharge passage below its upper edge, which is gradually filled with molten metal as it is lowered (or, on occasion, raised) in the mold.

Hosack's patent, No. 1,375,589, to avoid splashing in the casting of "steel and other metals," uses a suspended pilot ladle, raised and lowered by either mechanical or manual means, which receives molten metal and is lowered into the mold. Hosack shows several varieties of ladle, including one which has "a plurality of holes around it" and one in which the hole in the bottom is plugged. Ennor's patent, No. 1,983,579, for the casting of "metal," shows a receiver, with closed bottom, which may be gradually lowered into the mold. The Walker patent, No. 597,367, for casting "metals * * * such as copper," uses a ladle, with a pouring-lip below its top, as a means to reduce the fall of the metal and thereby avoid "cold-set or core, splash, or cling."

As Hosack's falling stream is perpendicular, his ladle moves in a straight path to receive the stream. Applicant pours his metal in a curved stream; this, he says, is the necessary method of casting copper in vertical molds, since copper cannot be undertapped. Accordingly he moves his ladle through a curved path. As the examiner says: "It is obvious that the essence of the Hosack method is that the ladle must follow the path of the stream, so that the metal will be intercepted by the ladle before it reaches the mold. If the ladle is to be filled by a spout producing a curved stream instead of a straight one, it is obvious that * * * the ladle must follow a curved path."

Applicant points to differences between the casting of copper and the casting of other metals which, he says, make Hosack useless for copper. Applicant's apparatus and method are useful and extensively used. But we cannot say that the Patent Office and the District Court are clearly wrong in finding that the adaptation of Hosack and the other references to the casting of copper did not involve invention. "The question for us is not whether in our opinion there was invention, but whether the finding that there was none is consistent with the evidence." Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449, 451.

The Patent Office has allowed a claim for a ladle with a main and a supplemental handle. We agree with the District Court that rejected claim 22 is not patentably different.

Affirmed.

STEPHENS, Associate Justice, concurs in the result.

---

[1] R.S. § 4915, U.S.C. Tit. 35, § 63, 35 U.S.C.A. § 63.