736

## GENERAL MOTORS CORPORATION v. COE, Com'r of Patents.

### No. 7647.

United States Court of Appeals for the District of Columbia.

Argued May 16, 1941.

Decided June 16, 1941.

Frank E. Liverance, Jr., of Grand Rapids, Mich. (John Boyle, Jr., of Washington, D. C., on the brief), for appellant.

Mark Taylor, of Washington, D. C. (W. W. Cochran, of Washington, D. C., on the brief), for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is a suit[1] to obtain a patent on "resonance units" for muffling the noises from the induction and exhaust systems of automobile engines. The application was made by Ernest E. Wilson in 1930. The device consists of a duct with one or more communicating branches or chambers proportioned or "tuned" to preselected sound waves passing through the duct so as to attenuate those which are objectionably loud. The Commissioner concedes that appellant has a patentable invention in certain structural forms of this device, and has allowed claims which recite them. He concedes that these forms have achieved great commercial success. The District Court allowed certain additional claims, but dismissed appellant's bill as to those here in issue.

The references include Powell patent 1,735,789 (1929) for a muffler for the exhaust from engines; the British Hooton patent 121,212 (1918) for silencing the exhaust from engines; the German Zeppelin patent 356,018 (1922) for a muffler; and certain treatises. Powell uses a number of cups. Hooton uses branch chambers, which "may be of various forms." Zeppelin also uses branch chambers.

The patents just cited do not use the term resonance, and appellant's expert testified without dispute that they do not operate as resonators. Appellant contends, perhaps correctly, that the patentees in question concerned themselves with gas pulse impact and not with sound waves. But Bourne patent 1,845,903,[2] for a silencer,

---

[1] Under R.S. § 4915, U.S.C.A. Tit. 35, § 63.

[2] Though this patent was issued in 1932, the application was filed in 1928.

recites that noises caused by the mechanical discharging or sucking of masses of gas "are necessarily complex in character, being made up of a mixture of sound waves of both high and low frequency, and it is often found that a very efficient silencer for high frequency waves gives poor results with low frequency waves and vice versa." The "theory of resonators" had been explained at length by Lord Rayleigh, in a chapter so entitled in his treatise on Theory of Sound. His discussion is cited in appellant's application. Rayleigh derived formulae for calculating the pitch not only of simple resonators, but of compound resonators which "communicate by channels with each other and with the external air." He also discussed the use of resonators, as side branches of a main duct, to absorb sound occurring in the duct. He pointed out that for any given mouthpiece the pitch of a resonator is independent of shape and depends mainly upon volume, and that the cylindrical tube which he used for illustration might be replaced by any other resonator of the same pitch. An article[3] by G. W. Stewart in the Physical Review for 1926 indicates that a Helmholtz resonator will substantially attenuate sound waves, including those somewhat above and below its own frequency. Appellant's chambers are Helmholtz resonators. The modification of the muffling chambers of Hooton, etc., so as to apply the teachings of Rayleigh and Stewart was of great importance, but we cannot say that it clearly required the uncommon talent of an inventor. We cannot say that such talent was clearly required to conceive of selecting, by methods which were previously known, the particular sound waves which particular engines produced in such degree as to make it desirable to muffle them.

■ Appellant urges that, although the appealed claims were finally rejected by the examiner and the Board of Appeals in the Patent Office, claims as broad had previously been approved by two other examiners. Appellant urges that the doubt thus created should be resolved in favor of the inventor, and against the Patent Office and the District Court. We agree that the presence or absence of invention is doubt-

ful in this case. But "Whatever else may be said of older decisions[4] that, in appeals from the Patent Office, doubt was to be resolved in favor of the applicant, they are obviously not law in relation to appeals from the District Court."[5] It is the settled law of this court that we must sustain the findings of the Patent Office and the District Court unless we think them clearly wrong[6]. In other words doubt is to be resolved, in suits to obtain a patent as in suits of other sorts, in favor of the correctness of administrative and judicial action.

■ The substance of Rayleigh's work was published at least as early as 1896. Appellant urges that the lapse of many years, until Wilson's application was made in 1930, without the invention of an adequate muffler for automobile engines, is strong evidence that Wilson's device is inventive and appellant is entitled to a patent. A sufficient answer is that appellant has been granted a patent on several forms of Wilson's device. Moreover it may well be that, although some efforts to develop an effective muffler went on throughout the period, until about 1930 there was relatively little interest in the matter; for, as appellant's expert put it, "There are noises arising from the body, various vibrating parts of the car, and its engine which a few years ago were very large. Through the skill of the engineer, they have been gradually reduced. * * *" The more other noises are reduced, the more noticeable and objectionable a given quantity of exhaust or intake noise becomes.

■ Appellant now argues that the denial of claims 109 and 126 is inconsistent with the granting of claim 92, which was rejected by the Patent Office but allowed by the District Court; also that the District Court failed to make "fact" findings, in support of its "conclusion of law" that the appealed claims were not patentable over the references. But appellant's statement of the points to be relied upon on the appeal refers to neither of these points, and it does not appear that either was brought to the attention of the District Court. Therefore we do not consider them.

Affirmed.

---

[3] Acoustic Transmission with a Helmholtz Resonator or an Orifice as a Branch Line. 27 Physical Rev. 487.

[4] E.g., In re Coykendall, 58 App.D.C. 280, 29 F.2d 868.

[5] Minnesota Mining & Mfg. Co. v. Coe, App.D.C., 118 F.2d 593, 594.

[6] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449; Eppensteiner v. Coe, 72 App. D.C. 169, 114 F.2d 457; Wolf et al. v. Coe, 72 App.D.C. 224, 112 F.2d 857; Daniels v. Coe, App.D.C., 116 F.2d 941; Forward Process Co. v. Coe, App.D.C., 116 F.2d 946.