**REED et al. v. COE, Com'r of Patents.**

Nos. 8093–8095.

United States Court of Appeals for the District of Columbia.

Argued Oct. 12, 1942.

Decided Nov. 9, 1942.

Mr. John H. Bruninga, of St. Louis, Mo., with whom Mr. Chas. E. Riordon, of Washington, D. C., was on the brief, for appellants.

Mr. Howard S. Miller, with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, both of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

These appeals are from judgments of the District Court under R.S. § 4915, 35 U.S.C.A. § 63, refusing, for lack of invention, to authorize the issue of patents.

One group of claims relates to a process of drilling a well by employing as a drilling fluid a molten asphalt or sulphurous material of widely variable viscosity, instead of the conventional clay and water. Heating coils, attached to the drilling system, make possible the varying of the viscosity of the fluid through temperature control, so as to permit control of formation pressures encountered in drilling. The other group of claims grows out of the fact that the drilling fluid becomes solid, or substantially solid, at atmospheric temperatures. The applicant claims that this enables him to build a wall within a well while drilling it, or to wall a bore hole, or to cement a casing within a well.

Swan patent No. 1,455,010 discloses the use of a hot viscous liquid as a well-drilling fluid. While Swan prefers to use coal tar, he says that other liquids having similar physical properties may be used. He claims that, by use of this fluid, "any change in the conformation due to gas-pressure" may be controlled, and that, when cooled, the fluid will "become plastic or even congeal" so as to produce "a hardening of the wall structure and practical protection against weathering and caving," thus "obviating the necessity of cementing the well." Christians patent No. 1,327,268 discloses a method of sealing crevices in rock formations in connection with grouting a dam. He uses either sulphur, asphalt, or coal tar pitch. The fluid is maintained in a heated condition by electric wiring, and forced down a pipe into the rock crevices. The current is then shut off, which allows the liquid to cool and to become "nearly solid." Jackson and Ryan

patent No. 1,866,522 discloses a method of cementing a casing in a well by use of heated sulphur or asphalt, preferably sulphur, as a cementing agent.

Claims which specify the use of molten sulphur in the drilling of a well were allowed by the Patent Office, but the Patent Office and the District Court found that the claims now on appeal lack invention over the references.

 Appellant urges, among other things, that Swan relies upon specific gravity rather than viscosity control to meet formation pressures, that Christians is in a nonanalogous art, and that appellant successfully solved a problem which had become acute in the well-drilling art. These facts, if true, do not compel a finding of invention. When invention is in doubt, the satisfaction of a long-felt want may be thrown into the scale along with the other evidence, and is persuasive,[1] but it is not conclusive.[2] Similarly, the adaptation of a process from a different art may or may not amount to invention.[3] These are all matters of evidence. The weight to be given to the evidence is a question for the Patent Office and the District Court. We cannot disturb their finding on the ultimate question of invention, since we do not think it clearly wrong.

Affirmed.

---

[1] Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 474, 55 S.Ct. 449, 79 L.Ed. 997; Carbide and Carbon Chemicals Corp. v. Coe, 69 App. D.C. 372, 377, 102 F.2d 236; Levin v. Coe, No. 8016, decided November 2, 1942, 76 U.S.App.D.C. —, 132 F.2d 589.

[2] Altoona Theatres v. Tri-Ergon Corp., 294 U.S. 477, 487, 488, 55 S.Ct. 455, 79 L.Ed. 1005; Abbott v. Coe, 71 App.D.C. 195, 196, 109 F.2d 449.

[3] Herman v. Youngstown Car Mfg. Co., 6 Cir., 191 F. 579; Butler Mfg. Co. v. Enterprise Cleaning Co., 8 Cir., 81 F.2d 711, 716.