## MAGNAFLUX CORPORATION v. COE, Com'r of Patents.

### No. 8359.

United States Court of Appeals.
District of Columbia.
Argued Nov. 8, 1943.
Decided Dec. 20, 1943.

Mr. Donald J. Simpson, of Chicago, Ill., with whom Mr. Thomas J. MacKavanagh, of Washington, D. C., was on the brief, for appellant. Messrs. William A. Smith, Jr., and William J. Cerny, both of Washington, D. C., entered appearances for appellant.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Appellant seeks to patent a method and means for detecting flaws in steel by magnetism.[1] Both the Patent Office and the District Court rejected the claims for lack of invention.

Appellant admits that the elements of the scheme are old. It was known that steel can be tested by magnetizing it and sprinkling it with para-magnetic particles. The particles were known to adhere over any minute crack or sub-surface defect. The use of alternating current for magnetizing purposes was known.[2] Hauser showed that the breaking of the circuit at the zero point would produce maximum magnetization. The use of mercury and de-ionizing switches to break a circuit at the zero point was known.[3] These various elements had not been combined until the appealed claims combined them. The combination was useful and commercially successful. The question was whether it amounted to invention.

Invention involves "creative genius."[4] As Judge Learned Hand has said, the question "must be resolved by a subjective opinion * * *."[5] This court's function is not to register its opinion but to inquire whether the opinion of the Patent Office and the District Court is consistent with the evidence[6] or, what comes to the same thing, is supported by the evidence.[7]

---

[1] R.S. § 4915, 35 U.S.C.A. § 63.

[2] Van Meyl (French) patent, #593,863; Hauser (British), #379,337.

[3] Wilson, #533,938; Hewitt, #799,052; Kraus, #1,046,086; Slepian, #1,932,090.

[4] Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58.

[5] Kirsch Mfg. Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794.

[6] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449.

[7] Minnesota Mining & Mfg. Co. v. Coe, 73 App.D.C. 146, 118 F.2d 593.

**532**

We think their opinion meets that test in this case.

█ The Supreme Court has seldom reviewed suits to obtain a patent, but it has reviewed many infringement suits. In a suit to obtain a patent the presumption of administrative and judicial correctness runs against the rejected claims, while in an infringement suit the presumption of administrative correctness runs in favor of the issued patent. The frequency with which the Supreme Court, notwithstanding the presumption, has overruled the Patent Office on the issue of invention in infringement suits [8] indicates that Patent Office standards of invention in the past have been too low. It is the more important that the presumption that the Patent Office is right when it rejects a claim for lack of invention be given the full weight to which it is entitled under the law. To interpret the presumption narrowly would prevent the Patent Office from raising its standards of invention to the present legal level.

Affirmed.

---

[8] Statistics from 1933 to 1938 are collected in a dissenting opinion in Carbide & Carbon Chemicals Corp. v. Coe, 69 App.D.C. 372, 378, 381, Note 10, 102 F.2d 236, 242, 245. Cf., e. g., Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 63 S.Ct. 1393; Glascock and Stringham, Patent Law: Substantive Aspects (1943) §§ 3181, 3188.