**BESSER v. OOMS, Commissioner of Patents.**

**No. 8981.**

United States Court of Appeals District of Columbia.

Argued Dec. 13, 1945.

Decided March 4, 1946.

Messrs. Ralph M. Snyder, of Chicago, Ill., pro hac vice, by special leave of court, and John M. Mason, of Washington, D. C., for appellant.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellant's bill to authorize the Commissioner of Patents to grant a patent[1] was

---

[1] R.S. § 4915, 35 U.S.C.A. § 63.

dismissed by the District Court. The appealed claims of appellant's application relate to printing or "imprinting," on the face of a check, a facsimile signature of the payee. Appellant prints this facsimile across the right-hand end of the check. If the check is folded endwise after it has been endorsed, the endorsement can readily be compared with the facsimile. Patton Patent No. 1,367,754 uses a handwritten specimen signature for the same purpose of comparison with the endorsement, and in practically the same position, as the printed specimen signature which appellant uses. Patton even discloses the idea of folding the check endwise in order to facilitate comparison of the specimen with the endorsement. The Patent Examiner, the Board of Appeals of the Patent Office, and the District Court have found that the appealed claims do not show invention over Patton.

Since invention is a question of fact,[2] a reasonable finding that claims lack invention should not be set aside.[3] Though appellant's scheme may be more useful than Patton's, the conclusion that there is no invention in imprinting instead of writing the specimen signature is reasonable. "The new device, however useful it may be, must reveal the flash of creative genius."[4]

Affirmed.

[2] United States v. Esnault-Pelterie, 299 U.S. 201, 57 S.Ct. 159, 81 L.Ed. 123; Dow Chemical Co. v. Halliburton Co., 324 U.S. 320, 65 S.Ct. 647; Minnesota Mining & Mfg. Co. v. Coe, 73 App.D.C. 146, 118 F.2d 593, certiorari denied, 314 U.S. 624, 62 S.Ct. 89, 86 L.Ed. 501, rehearing denied, 315 U.S. 826, 62 S.Ct. 486, 86 L.Ed. 1221.

[3] Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449; Minnesota Mining & Mfg. Co. v. Coe, supra; Radtke Patents Corp. v. Coe, 74 App.D.C. 251, 122 F.2d 937, certiorari denied, 314 U.S. 695, 62 S.Ct. 411, 86 L.Ed. 556; Eppensteiner v. Coe, 72 App.D.C. 169, 114 F.2d 457; Wolf v. Coe, 72 App.D.C. 224, 112 F.2d 857; Forward Process Co. v. Coe, 73 App.D.C. 100, 116 F.2d 946; Sharp v. Coe, 75 U.S.App.D.C. 118, 125 F.2d 185; Magnaflux Corp. v. Coe, 78 U.S.App.D.C. 258, 139 F.2d 531. Cf. Standard Cap and Seal Corp. v. Coe, 75 U.S.App.D.C. 60, 124 F.2d 278; Schilling v. Schwitzer-Cummins Co., 79 U.S.App.D.C. 20, 142 F.2d 82; Kistler v. Coe, 79 U.S.App.D.C. 36, 142 F.2d 94; Cherry-Burrell Corp. v. Coe, 79 U.S.App.D.C. 124, 143 F.2d 372; Corning Glass Works v. Coe, 79 U.S.App.D.C. 395, 141 F.2d 550.

We have also said that we are not to set aside the finding unless it is "clearly wrong." Abbott v. Coe, supra; Poulsen, v. Coe, 73 App.D.C. 324, 119 F.2d 188; General Motors Corp. v. Coe, 74 App.D.C. 189, 120 F.2d 736, certiorari denied, 314 U.S. 688, 62 S.Ct. 302, 86 L.Ed. 550, rehearing denied, 314 U.S. 715, 62 S.Ct. 411, 86 L.Ed. 570; Sloane v. Coe, 74 App.D.C. 200, 122 F.2d 37; Sharp v. Coe, supra; Dyer v. Coe, 75 U.S.App.D.C. 125, 125 F.2d 192; Wingfoot Corp. v. Coe, 75 U.S.App.D.C. 160, 124 F.2d 522; Morrison v. Coe, 75 U.S.App.D.C. 219, 127 F.2d 737; Reed v. Coe, 76 U.S.App. D.C. 369, 132 F.2d 599. But this review formula is accurate only with respect to judicial, not administrative, findings. District of Columbia v. Pace, 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408.

[4] Cuno Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 41, 86 L.Ed. 58. "The mere substitution of equivalents which do substantially the same thing in the same way, even though better results may be produced, is not such an invention as will sustain a patent." Dow Chemical Co. v. Halliburton Co., 324 U.S. 320, 330, 65 S.Ct. 647, 651. Magnaflux Corporation v. Coe, 78 U.S.App.D.C. 258, 139 F.2d 531.