AKTIEBOLAGET AKERLUND & RAUS-
ING v. MARZALL, Commissioner
of Patents.

No. 11129.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 20, 1952.

Decided March 6, 1952.

Mr. E. B. Batchelder, Washington, D. C., with whom Mr. E. F. Wenderoth, Washington, D. C., was on the brief, for appellant.

Mr. Clarence W. Moore, United States Patent Office, with whom Mr. E. L. Reynolds, Sol., United States Patent Office, was on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant commenced this action in the District Court under Rev.Stat. § 4915 (1878), as amended, 35 U.S.C. § 63 (1946), 35 U.S.C.A. § 63, after rejection by the Patent Office of its claim to a patentable invention. The District Court, after a hearing as provided by statute, dismissed the complaint. This appeal followed.

Appellant is assignee of the originator of the article claimed to be patentable, referred to as the American article to distinguish it from an English product protected by British patent No. 442,176.

The American article is a container for liquids such as milk. It is made from stiffened paper cut in elongated rectangular shape. The two shorter edges are adhesively secured to each other, forming a tube. Each of the two open ends of the tube is flattened and closed, or sealed, in two planes which are relatively perpendicular to one another. The result, which approximates a tetrahedron, has six edges nearly equal in length.

The British patent is also for a container suitable for milk and other liquids and it is also formed from stiffened paper of an oblong shape. But the longer edges of the paper, rather than the shorter, are first secured to form a tube. The two open ends of this tube are then flattened and sealed, in two relatively perpendicular planes, so that this container also assumes the form of a tetrahedron, but two of its edges are shorter than the four other equal edges.

The American article, principally because of the securing together, first, of the shorter ends instead of the longer, causes the clasping together of the open ends, in the manner described, to result in an article which is more compact and rigid than the English product. It is also more easily packaged with others of its kind. Furthermore, it may be assumed from evidence introduced in the court below that the American article is generally more efficient and promises greater commercial success.

The District Court found as a fact that the claim was unpatentable. This finding was predicated on a finding that, in view of the teachings of the British patent, invention was not required to devise the American article.

Applying the rule which governs the scope of our review in this type of case, we affirm. See, for example, Standard Oil Development Co. v. Marzall, 1950, 86 U.S.App.D.C. 210, 181 F.2d 280.

The trial court was well within its judicial province in holding that the step be-

<... >
</...>

tween the British patent and the American article was not a creative one which brought the result into the realm of patentable invention. Notwithstanding the respects in which the American article is an improvement over the British, the change which brought this about seems fairly obvious. The prior art represented by the British patent disclosed the essentials. One working in the field with knowledge of the British article did not need to possess or apply creative talent to make the changes which resulted in the American product.

Affirmed.