## LAMINA DIES & TOOLS, Inc., Appellant,
v.
## Robert C. WATSON, Commissioner of Patents, Appellee.
### No. 12602.

United States Court of Appeals
District of Columbia Circuit.
Argued Oct. 17, 1955.
Decided Jan. 26, 1956.

Mr. Willis Bugbee, Detroit, Mich., with whom Mr. G. Mallet Prevost, Washington, D. C., was on the brief, for appellant.

Mr. E. B. Batchelder, Washington, D. C., also entered an appearance for appellant.

Mr. H. S. Miller, Atty., U. S. Patent Office, with whom Mr. E. L. Reynolds, Sol., U. S. Patent Office, at the time record was filed, was on the brief, for appellee.

Mr. Clarence W. Moore, Sol., U. S. Patent Office, also entered an appearance for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

Lamina Dies & Tools, Inc., sued the Commissioner of Patents under the Patent Act of 1952, 66 Stat. 803, 35 U.S.C. § 145, to obtain a patent on a die aligning device. The District Court determined that none of the claims defined anything inventive over the prior art, and dismissed the complaint. Lamina appeals.

The finding of a trial court against patentability will not be disturbed on appeal unless it is plainly unreasonable in the light of the evidence or is otherwise clearly erroneous. To be sure, there are situations where patentability turns upon subjective opinion or the formulation of a judgment. L-O-F Glass Fibers Co. v. Watson, 97 U.S.App.D.C. ——, 228 F.2d 40. In the present case, however, even "after allowing ourselves the permissible latitude," which we described in the Standard Oil Development case, infra, we think the trial judge correctly found from the evidence that there was no invention over the prior art. See Standard Oil Development Co. v. Marzall, 1950, 86 U.S.App.D.C. 210, 214, 181 F. 2d 280, 284; Montgomery v. Marzall, 1951, 88 U.S.App.D.C. 281, 285, 189 F. 2d 640, 644; Larsen v. Marzall, 1952, 90 U.S.App.D.C. 260, 261, 195 F.2d 200, 202, and see generally 44 Geo.L.J. 100 (1955).

Affirmed.