288 F.2d 144
 109 U.S.App.D.C. 360, 128 U.S.P.Q. 283
 Gustav SCHAFER, Appellant,
v.
Robert C. WATSON, Commissioner of Patents, Appellee.
Herbert BESTIAN et al., Appellants,
v.
Robert C. WATSON, Commissioner of Patents, Appellee.
 Ns. 16009, 16010
 
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 24, 1961.
Decided Feb. 9, 1961.
 Mr. Henry W. Koster, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Miles D. Pillars, Washington, D.C., was on the brief, for appellants.
 Mr. Raymond E. Martin, Attorney, United States Patent Office, for appellee. Mr. C. W. Moore, Solicitor, United States Patent Office, also entered an appearance for appellee.
 Before Mr. Justice REED, retired,[1] and EDGERTON and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Patent Office having rejected certain patent claims of the appellants as unpatentable over the prior art, appellants brought these suits against the Commissioner of Patents under 66 Stat. 803, 35 U.S.C. 145. The District Court held a hearing, agreed with the Patent Office that the claims were not inventive, and dismissed the complaints.
 
 
 2
 ' Although a court, when it agrees with a Patent Office finding, often says so, agreement is not necessary to affirmance and disagreement is not sufficient for reversal.' Abbott v. Coe, 71 App.D.C. 195, 197, 109 F.2d 449, 451. 'Since invention is a question of fact, a reasonable finding that claims lack invention should not be set aside.' Besser v. Ooms, 81 U.S.App.D.C. 7, 8, 154 F.2d 17, 18. 'As we pointed out in Abbott v. Coe, * * * a mere preponderance of the evidence is not sufficient with regard to invention; the Patent Office finding must be accepted if it is 'consistent with the evidence,' the Patent Office being an expert body pre-eminently qualified to determine questions of this kind.' Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 157, 229 F.2d 37, 40. The Patent Office findings do not appear to have been unreasonable. The District Court was therefore right in dismissing the complaints. Moreover, its findings are not to be set aside unless clearly erroneous. F.R.Civ.P. Rule 52(a), 28 U.S.C.A.
 
 
 3
 Affirmed.
 
 
 
 [1]
 Sitting by designation pursuant to Sec. 294(a), Title 28 US.Code