313 F.2d 250
 136 U.S.P.Q. 405
 John M. SHUBIN and Peter S. Shubin, Petitioners,
v.
The UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT
OF CALIFORNIA, CENTRAL DIVISION, Respondent, The Honorable
William M. Byrne, Judge of theUnited States District Court
for the Southern District of California,
CentralDivision,Respondent, and S. Vincen Bowles, Inc., Respondent.
 No. 17590.
 United States Court of Appeals Ninth Circuit.
 Jan. 31, 1963, Rehearing Denied March 7, 1963.
 
 William Douglas Sellers, Pasadena, Cal., for petitioners Shubin.
 Fulwider, Mattingly & Huntley, Warren Patton and William K. Rieber, Los Angeles, Cal., for respondent Bowles.
 Before BARNES, HAMLIN and JERTBERG, Circuit Judges.
 BARNES, Circuit Judge.
 
 
 1
 This is a petition for a writ of mandamus requiring the District Court to grant petitioners a jury trial on certain issues raised by an existing, and a proposed amended, counterclaim. We have already ruled that the granting of leave to file said amended counterclaim was a discretionary matter with the trial court. We reaffirm that position.
 
 
 2
 Petitioners' second position is that they are entitled to a jury on the issue raised by the complaint and the original counterclaim already on file.
 
 
 3
 The Supreme Court of the United States vacated our earlier order,[1] and remanded the matter to us to be considered in the light of Dairy Queen, Inc. v. Wood, 1962, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44. We have done this. This is a patent case.
 
 
 4
 'Validity and infringement are ultimate facts on which depends the question of liability. In actions at law they are to be decided by the jury.' United States v. Esnault-Pelterie, 299 U.S. 201 at 205, 57 S.Ct. 159, at 161, 81 L.Ed. 123.
 
 
 5
 Is this declaratory relief action, with its compulsory counterclaim, an action at law? If we examine the pleadings before us alone, they indicate that there could exist an issue at law, i.e., damage for infringement. No amount of damage is specified. There is no prayer for damages in any amount. We note, however, looking at substance and not form, that the petitioners herein have repeatedly represented to us on this appeal, and to the court below at the pretrial hearings, and have stipulated to the fact, that no infringement has taken place. Hence there exists no possibility that damages could be awarded, or that an accounting could become necessary or possible. There is left only an 'equitable cause' before the court below.
 
 
 6
 Under the case of Beacon Theatres v. Westover, 1959, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, we are required to examine the action now pending before the District Court 'to determine if it contains legal issues.' The only issue under the existing pleadings, admissions and stipulations is whether defendants are entitled to protection against the threatened infringement of their patent. The defendants seek only a permanent injunction against threatened infringement. This is not a legal issue. Defendants' only remedy would be in equity. This leaves then, the validity of the patent as the sole disputed factual issue.
 
 
 7
 An equitable claim may involve a legal issue of fact, or may turn on a question of fact. The existence of an issue of fact does not per se create a 'legal claim.' This whole area of law is troublesome, as we have previously noted. Bergman v. Aluminum Lock Shingle Corp. of America, 1958, 9 Cir., 251 F.2d 801 at 810.
 
 
 8
 Judge Woodbury of the First Circuit has said:
 
 
 9
 'It seems apparent that no general statement can be made concerning the classification of the broad question of patentable invention either as one of fact or as one of law.' Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1942, 127 F.2d 888 at 890.
 
 
 10
 It has been held in an action for a declaratory judgment of invalidity of defendants' patent and noninfringement, where plaintiffs seek neither money damages nor an accounting, and defendnats in their answer do not set up a counterclaim or an affirmative defense, the defendnats' demand for a jury trial is properly stricken on motion, since the complaint as framed is equitable. Brody v. Kafka, 73 U.S. P.Q. 469, D.C.N.Y., 1947. But see Packwood v. Briggs & Stratton, D.C.Del.1951, 99 F.Supp. 803, where it was held that the issue of validity, as well as infringement, is for the jury as trier of facts. The question arose in discussing the power of a district judge to grant a judgment non obstante veredicto in a patent case. Such action assumes that the question of invention is originally one of fact, but can become one of law. This District Court holding was reversed. 3 Cir., 1952, 195 F.2d 971.
 
 
 11
 As this court said in the concurring opinion in Bergman v. Aluminum Lock Shingle Corp. of America, supra, 251 F.2d at 809:
 
 
 12
 '(We do) away with a frequent misapprehension that the question of the validity of a claim of a patent is solely one of fact.'
 
 
 13
 And see the reference to Himes v. Chadwick, 9 Cir., 1952, 199 F.2d 100; Kwikset Locks v. Hillgren, 9 Cir., 1954, 210 F.2d 483; and Oriental Foods v. Chun King Sales, 9 Cir., 1957, 244 F.2d 909. These followed Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.
 
 
 14
 We recognize that no longer can a jury trial be denied a litigant because the legal issues presented are 'incidental' to equitable issues. 'As long as any legal cause is involved the jury rights it creates control. This is the teaching of Beacon Theatres, as we construe it.' Thermo-Stitch, 5 Cir., 294 F.2d 486, 491, cited with Corp., 5 Cir., 294 F.2d 486, 491, cited with approval. Note 8, Dairy Queen, Inc. v. Wood, supra.
 
 
 15
 But the facts of this case are not those of Dairy Queen, as we have pointed out. 'The necessary prerequisite to the right to maintain a suit for * * * all * * * equitable remedies, is, * * * the absence of an adequate remedy at law * * *', states Dairy Queen, 369 U.S. p. 478, 82 S.Ct. p. 900. Here there can be no adequate remedy at law.
 
 
 16
 We hold the claim here involved is, on the peculiar pleadings of this case, as modified by its admissions and stipulations, a purely equitable claim. The petition for writ of mandamus is denied.
 
 
 
 [1]
 9 Cir., 299 F.2d 47