Sheldon L. **POLLACK** et al., Appellants,

v.

David L. **LADD**, Commissioner of Patents, Appellee.

No. 18801.

United States Court of Appeals District of Columbia Circuit.

Argued March 16, 1965.

Decided April 8, 1965.

Mr. Elwood S. Kendrick, Los Angeles, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Messrs. E. H.

Mosher, Washington, D. C., and A. Donald Stolzy, Los Angeles, Cal., were on the brief, for appellants.

Mr. George C. Roeming, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and MCGOWAN, Circuit Judges.

DANAHER, Circuit Judge.

After adverse rulings by the tribunals of the Patent Office, the appellants here asked the District Court to authorize the Commissioner to issue a patent on their application, serial No. 825,124. Particularly involved were the appellants' Claim 17 respecting a method of erection of a high-strength grout-filled metal-reinforced brick wall and Claim 18 describing a relatively inexpensive wall constructed in accordance with the method of Claim 17. After the *de novo* trial authorized by 35 U.S.C. § 145 (1965), the District Judge rendered an opinion pursuant to which judgment was entered for the Commissioner.

██ The experienced and able trial judge concluded that each of the claims at issue was directly readable upon prior art. Our examination of the entire record has persuaded us that we are bound to affirm.

There is no question that the appellants taught an improved method of erecting a highly useful grout-filled monolithic building wall. The results in actual use were seen to be excellent, indeed the evidence showed a high degree of commercial success. Important though such factors may be in a close case, of themselves they do not establish patentability. The trial judge reasonably could have concluded that there simply was an inadequate showing of invention.

We are bound to affirm.[1]

---

[1] Standard Oil Development Co. v. Marzall, 86 U.S.App.D.C. 210, 214, 181 F.2d 280, 284 (1950); cf. L-O-F Glass Fibers Company v. Watson, 97 U.S.App.D.C. 69, 76, 228 F.2d 40, 47 (1955).