.28 C.C.P.A. (Patents)

## BUFFINGTON et al. v. BLAIR et al.

### Patent Appeal No. 4511.

Court of Customs and Patent Appeals.
July 3, 1941.

Aksel M. Pedersen, of Washington, D. C.
(Charles S. Grindle and Carl T. Mack, both
of Washington, D. C., of counsel), for ap-
pellants.

Herbert L. Shepard, of New York City
(Eugene M. Giles, of Chicago, Ill., of coun-
sel), for appellees.

Before GARRETT, Presiding Judge, and
BLAND, HATFIELD, LENROOT, and
JACKSON, Associate Judges.

GARRETT, Presiding Judge.

In this case Buffington and Files, joint
applicants (hereinafter referred to as Buf-
fington et al.), have appealed to this court
from the decision of the Board of Appeals
of the United States Patent Office affirm-
ing the decision of the Examiner of Inter-
ferences awarding priority to Blair, Brad-
ley and Schott, joint applicants (hereinaft-
er referred to as Blair et al.), upon two
method counts of an interference, which
counts read:

"1. In a method for the production of
sponge rubber from an aqueous rubber dis-
persion, the step which comprises admixing
aqueous rubber dispersion with a separate-
ly prepared foam stable to said aqueous rub-
ber dispersion.

"2. A method for the production of
sponge rubber from an aqueous dispersion
of rubber by coagulation of a constituent
of the dispersion in the presence of bubbles

of gas distributed therethrough which comprises separately preparing a foam which is substantially permanent in the presence of aqueous rubber dispersion by distributing a gas through a foam-forming composition stable in latex, uniformly admixing the said foam with an aqueous rubber dispersion, causing coagulation in the said admixture without breaking down the foam structure and vulcanizing the rubber in the said admixture."

While there are differences between the counts, these are not material so far as the issues before us are concerned, nor is it essential that the invention be described in detail.

The application of Buffington et al. was filed in the Patent Office on February 27, 1935, and that of Blair et al. was filed March 23, 1936. So, the burden rested upon Blair et al. to prove priority by a preponderance of the evidence.

It was held by the Examiner of Interferences that Blair et al. had met the burden and the board agreed with his conclusion. Before us the burden rests upon Buffington et al. to demonstrate that the concurring decisions of the tribunals of the Patent Office were erroneous.

It was held that Blair et al. actually reduced the invention to practice prior to April 26, 1933, but by reason of their preliminary statement they were held to May 4, 1933. Buffington et al. were awarded conception as of February 15, 1933, and reduction to practice late in August 1933, and it was held that they failed to establish diligence from just prior to May 4, 1933 (the date awarded Blair et al. for reduction to practice) until their own reduction to practice.

Buffington et al. contend that they reduced the invention to practice as of February 15, 1933, the date awarded them for conception.

They further contend that if not awarded that date for reduction to practice they have established the exercise of diligence during the critical period—that is from just prior to May 4, 1933, to late in August 1933.

They further contend that the board "erred in holding that the record of appellee * * * shows a reduction to practice as of May 4, 1933."

We do not find any claim by Blair et al. of any reduction to practice other than that awarded them as of May 4, 1933. In other words, there is no claim of any activity

which resulted in another reduction to practice by them prior to August 1933, the date awarded Buffington et al., and it is not questioned that Buffington et al. are entitled to the latter date. So, if it be found that Blair et al. did not reduce the invention to practice at least as early as May 4, 1933, Buffington et al. would be entitled to prevail.

The question of reduction to practice by Blair et al., therefore, will be first considered.

It should be said at this point that no question of conception on the part of Blair et al. independently of reduction to practice seems to have been presented before the board, nor is any such question presented here.

Blair et al. appear to have been employees of the Mishawaka Rubber & Woolen Manufacturing Company, a corporation of the State of Indiana, to which their application is assigned. Each of them testified in the case as did three other employees (Claude D. Mason, Paul L. Bush, and Donald R. Kemble) engaged, as were applicants, in laboratory work for the company. There were stipulations as to testimony of a party by the name of W. E. Faulk and a Miss Lena M. Turner, and a number of documentary and physical exhibits were introduced in evidence.

The Examiner of Interferences reviewed the record of Blair et al. (as he did that of Buffington et al.) in great detail. The board made no analysis of it but merely approved, in general terms, the findings of the Examiner of Interferences with respect to it.

We have examined the record with much care in the light of the arguments made by counsel for Buffington et al., as well as those made by counsel for Blair et al., and we are thoroughly convinced that the concurring conclusions of the tribunals of the Patent Office as to Blair et al. having reduced the invention to practice in April 1933 were correct.

The most important of the exhibits filed in the Blair et al. record are Nos. 1, 2, and 3.

Exhibit No. 1 consists of a laboratory notebook kept by the party Schott, having a page marked "A" on which he made certain notations respecting an experiment conducted by himself March 15, 1933.

Exhibit No. 2 consists of a card described by Schott as a laboratory card, being "the type card which is used in our laboratory as a permanent record of formulas which we had worked out." This card is shown to

have been prepared by Miss Turner, who was secretary to Bradley and had charge of the laboratory records, from the notebook, Exhibit No. 1. It seemingly was prepared by Miss Turner April 29, 1933.

Exhibit No. 3 consists of a molded cushion claimed to have been made in April 1933 with the use of sponge rubber resulting from the practice of the process defined in the counts.

The brief on behalf of Buffington et al., says inter alia:

"The basis for the allegation of a written description as to count 2, is apparently page 'A' of the Schott notebook, Exhibit 1, dated '3/15/33'. There is no reference whatever to *foam* on page 'A' of the said notebook, and much less is there any reference to 'separately preparing a foam which is substantially permanent in the presence of aqueous rubber dispersion by distributing a gas through a foam-forming composition stable in latex' as required by count 2; or to 'admixing aqueous rubber dispersion with a separately prepared foam stable to said aqueous rubber dispersion' as required by count 1. The page 'A' of Exhibit 1 has no disclosure, furthermore, of the step of causing coagulation in the admixture without breaking down the foam structure, or the step of vulcanizing the rubber in the admixture, which steps are also required by count 2.

"The basis for the allegation as to the written description in connection with count 1, is apparently Exhibit 2, a laboratory card bearing the date '4/29/33', which is alleged to have been made after the cushion, Exhibit 3, had been made and exhibited at the development meeting at the Mishawaka company on April 26 and 27, 1933. The dated side of the laboratory card has the same formula, substantially, as that of page 'A' of the notebook, Exhibit 1, and the back of the card has a description of an alleged method. Neither side of the card refers to the formation of a foam, nor to a foam stable to latex, nor to coagulation, nor to vulcanization. Exhibit 2 does not, therefore, disclose the invention in issue as defined by either of the counts. Neither Exhibit 1, nor Exhibit 2, is a description or disclosure of the method of the invention in issue, therefore, and appellee has not established any written description of the invention of the counts prior to the filing of their patent application." [Italics quoted.]

Because of the defects so alleged as to Exhibits Nos. 1 and 2, it is urged that they "furnish no corroboration that the particular method of the counts was used in the manufacture of the cushion, appellee's Exhibit 3."

If nothing further appeared in the record respecting the practice of the method by Blair et al. than the matter embraced in Exhibits Nos. 1 and 2, we should feel constrained to agree with counsel for Buffington et al. Indeed, we judge from certain expressions in the decision of the Examiner of Interferences that he did not regard the notebook entries and card data as conclusive. He stated that "The testimony of Schott as to the experiment carried out about the middle of March, 1933, is not corroborated by any witnesses and hence that testimony can not be relied upon to establish reduction to practice," but added, "However, the existence of the notebook entries and the card data as of the dates alleged appears to be well established."

■ It was from other testimony (considered, of course, in connection with Exhibits Nos. 1 and 2) wherein witnesses described tests or experiments made after March 15, 1933, that the Examiner of Interferences reached his conclusion. The clearest of such testimony seems to us to be that of Schott and Kemble, but other testimony has a proper bearing upon the question. The record must be considered as a whole, and all competent testimony making up the continuous story given its proper place and weight.

■ To set forth the testimony here would needlessly lengthen this opinion, and there is no necessity for us to quote and answer the criticisms and comments of counsel for Buffington et al. concerning it. The matter is closely argued in their brief and it may be said that the witnesses appearing on behalf of Blair et al. were subjected to very rigid cross-examination covering all material details. When the record is considered as a whole, we think it conclusively establishes all the elements essential to show reduction of the invention to practice by Blair et al., as found below.

We next consider the question of reduction to practice by Buffington et al. As has been stated, they were awarded conception as of February 15, 1933. They claim that date for reduction to practice also.

The award of conception was based upon a paper filed as their Exhibit C, the Examiner of Interferences saying "Blair et al. have not contested the sufficiency of this exhibit

with the testimony relating thereto for establishing conception of the invention. The proof is deemed to be obviously sufficient for that purpose, and it is so held, further discussion thereof being deemed unnecessary." So far as we can determine from the record, Blair et al. did not question this finding of the Examiner of Interferences before the board, but their brief before us suggests, in connection with argument that the exhibit did not constitute reduction to practice, that it is inadequate "to constitute even a conception of the invention," because it is said that "nowhere [in the document] is there seen any reference as to whether or not this foam is stable to aqueous rubber dispersion." It will be noted that the Examiner of Interferences (the board made no reference to it) did not rest the award upon the document alone but upon it "with the testimony relating thereto," and Blair et al. do not seem to question that there is testimony bearing upon the matter. Hence, we find no occasion for disagreeing with the award.

Buffington et al. seem to have contended before the Examiner of Interferences that their Exhibit C, of itself, not only constituted conception but reduction to practice as well, and in the second of the reasons of appeal before us it is alleged that the board erred in refusing to accept the exhibit as a reduction to practice.

■ However, in the argument presented before us counsel for Buffington et al. do not seem to insist that Exhibit C, of itself, constituted reduction to practice, but they do argue that it should be considered in connection with certain activities of Buffington et al. in January 1933.

The board said: "Appellants allege reduction to practice in January, 1933 and on the written description of February 15, 1933. We know of no authority for accepting the Exhibit C of appellants as a reduction to practice and with such a process as is covered by the interference issues we believe the product of the counts should have been

tested. See Steenstrup v. Heath [Cust. & Pat.App.] 95 F.2d 514."

The statement so made by the board is, in our opinion, a correct statement of the law applicable to this case, and when it is applied it is fatal to Buffington et al. so far as reduction to practice at the time claimed by them is concerned.

■ We have grave doubt as to whether the Buffington et al. record, taken as a whole, may properly be held to show that they carried out the process of the counts during the critical period, but, assuming (without holding) that the record does so show, it does not show that any product resulting from the carrying out of the process was ever given any test—not even a relatively simple one such as the "thumb and tooth test" held by the Supreme Court of the United States to be sufficient with respect to the rubber material involved in the case of Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U.S. 358, 48 S.Ct. 380, 72 L.Ed. 610.

The cases cited in the brief on behalf of Buffington et al., where it was held, in effect, that the products resulting from the practice of the process counts there involved did not require testing, are not in point in the instant case.

■ With respect to the question of diligence on the part of Buffington et al., we fail to find in the record proof of any activity on their part, during the critical period, which we are able to regard as showing diligence as that term is understood and applied in patent law. There are some references in the testimony to experiments looking toward the development of a commercial product, but this testimony is too hazy and indefinite to satisfy the reasonable ·requirements.respecting diligence.

For the reasons stated, the decision of the board is affirmed.

Affirmed.

LENROOT, J., did not participate in the decision of this case.