Emery P. **MILLER** and Ransburg Electro-Coating Corp., Appellants,

v.

Sinclair **WEEKS**, Secretary of Commerce, and Robert C. Watson, Commissioner of Patents, Appellees.

No. 12738.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 4, 1955.

Decided Dec. 15, 1955.

Mr. William J. Stellman, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. Francis C. Browne, Washington, D. C., was on the brief, for appellants. Mr. William E. Schuyler, Jr., Washington, D. C., also entered an appearance for appellants.

Mr. H. S. Miller, Atty., United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is a patent case under Rev.Stat. § 4915 (1875).[1] The District Court, after hearing, ruled that certain process claims did not constitute invention over prior art, and entered judgment dismissing the complaint.

Emery P. Miller, one of the plaintiffs, filed application for letters patent in the United States Patent Office entitled "Apparatus & Method of Coating," said application being Serial No. 626,631 in the Patent Office. Plaintiff, Ransburg Electro-Coating Corp., is the assignee of the application.

The Examiner in charge of the application allowed all of the apparatus claims, which were directed to a volume control apparatus for correlating the volume of sprayed material, liquid or solid, dielectric or conducting, to the speed of movement of the article being coated.

The Examiner rejected the process claims. These process claims were directed to a method of producing an extremely thin coating of dielectric liquid. The rejection was based on the fact that the process had been anticipated by patents to Pugh (1,855,869), Ransburg (2,334,648), and Wintermute (2,221,-338). The applicant appealed to the Board of Appeals of the Patent Office, which affirmed the Examiner. Thereupon the present civil action was instituted.

The District Court concluded that the use of dielectric material for the purpose claimed was sufficiently disclosed in the Wintermute patent; that, although

1. Rev.Stat. § 4915 (1875), as amended, 35 U.S.C.A. § 63 (1946), was repealed by the Act of July 19, 1952, c. 950, § 5, 66 Stat. 815, 35 U.S.C. note preceding section 1, and was replaced, to the extent here pertinent, by 66 Stat. 803, 35 U.S.C. § 145 (1952).

Wintermute does not show the reason for using the dielectric material or the result that is attained from its use, it is well settled that the applicant need not appreciate or realize the result or the potential use or purpose for which his device or process may be applied. The court found that the use of an electrostatic field for the general purpose for which it was used, as stated in the application, is disclosed in the prior art, referring not only to Wintermute but to Pugh and Ransburg also; and held that the fact that those patents do not disclose the result attained does not detract from their weight as prior art, for the reasons above given.

The Board of Appeals of the Patent Office indicated that the third feature of the claimed invention, relating to the number of particles to be deposited on the plates, is not sufficiently definite and precise as to make it practical for persons reasonably skilled in the art without further experimentation; and the trial court found that it was doubtful whether this step was anything more than one that should be taken by anyone reasonably skilled in the art, rather than being a product of the inventive faculty.

In Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449, 451, we held that although a court, when it agrees with a Patent Office finding, often says so, agreement is not necessary to affirmance and disagreement is not sufficient for reversal. We said: "The question for us is not whether in our opinion there was invention, but whether the finding that there was none is consistent with the evidence." Further, in Abbott, we said: "The presumption that the Patent Office is right is reenforced, in the present case, by the presumption that the trial court is right."

 Of course, we are not bound by the trial court's findings of fact [see for example Broderson v. Marzall, 90 U.S. App.D.C. 78, 194 F.2d 138, and L-O-F Glass Fibers Co. v. Watson, 97 U.S.App. D.C. ——, 228 F.2d 40. "Allowing ourselves the permissible latitude, we cannot say that in the present case the find-

ing of the trial court against patentability is not a reasonable one on the evidence or that it is clearly erroneous." Standard Oil Dev. Co. v. Marzall, 86 U.S.App. D.C. 210, 214, 181 F.2d 280, 284.

It therefore follows that the judgment of the District Court must be and is

Affirmed.