Edward M. ALLEN, Pittsburgh Plate Glass Company, Columbia-Southern Chemical Corporation, Appellants,

v.

Orlando Leonard BERTORELLI, J. M. Huber Corporation, Appellees.

No. 13502.

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1957.

Decided May 16, 1957.

Mr. Richard Russell Wolfe, Chicago, Ill., with whom Messrs. George R. Jones, Washington, D. C., and Raymond S. Chisholm, Pittsburgh, Pa., were on the brief, for appellant.

Mr. Albert C. Johnston, New York City, with whom Mr. John W. Malley, Washington, D. C., was on the brief, for appellees. Mr. George T. Mobille, Washington, D. C., also entered an appearance for appellees.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants (plaintiffs) filed suit in the District Court pursuant to 35 U. S.C. § 146, to direct the Commissioner of Patents to issue to appellant Allen and

his assignee a patent covering a method of preparing a pigment product.[1]

Appellant Allen and appellee Bertorelli filed their applications for patent within a few days of each other in 1947. Bertorelli was the first to file, and he was also accorded the benefit of an application filed by him on August 6, 1946. Interference being declared by the Commissioner of Patents, Allen, because of Bertorelli's earlier filings, was charged with the burden of proof. After the taking of testimony, the Board of Patent Interferences rendered its decision, holding that Allen had not established a reduction to practice prior to Bertorelli's filing of August 6, 1946, and awarded priority to Bertorelli. After a motion for reconsideration of the Board's decision was made and overruled, the present proceeding was filed.

In the District Court, after extensive pre-trial proceedings, the case proceeded to a trial which lasted several weeks, at the conclusion of which the court rendered an opinion, holding "that the evidence of Allen's activities was wholly insufficient to establish rights in the invention prior to Bertorelli's disclosure;" and that "[e]vidence was presented relating to various experiments performed by Allen but no such experiment achieved the success or utility requisite to an actual reduction to practice." Elaborate findings of fact were signed by the trial court, among them being the following:

"15. None of the experiments performed by the plaintiffs prior to August 6, 1946, demonstrated the possession of a successful process having practical utility for the intended purpose. The experiments performed early in 1940 by Amos Dorinson with the use of $CO_2$ were found objectionable, were superseded by different experiments, and

were never repeated. Plaintiffs' work with the so-called 'Silene A–1' materials petered out about 1943. There was no evidence that the Reynolds experiments were successful, nor that the products of these experiments were recognized as being useful for any purpose.

"16. There were long lapses of time and numerous changes both of procedure and of objectives between the various sets of plaintiffs' experiments. There was a lapse of over seven years between Allen's alleged making of the invention and the filing of his patent application on August 22, 1947. The record contains no satisfactory explanation of these circumstances."

In its conclusions of law, the trial court held that the invention in issue was constructively reduced to practice by Bertorelli on August 6, 1946, and that "[n]one of the experiments performed by Allen or on his or plaintiffs' behalf prior to August 6, 1946, achieved the success or utility requisite to an actual reduction to practice." Judgment thereupon was entered dismissing the complaint and this appeal followed.

Appellants complain that the trial court imposed upon them "the burden of proving at least to a thorough conviction all facts as to which the Board of Interference Examiners had found favorably to [appellant Allen] as well as those as to which the findings of the Board were adverse."

The trial court, on ample evidence before it, found, as did the Board of Patent Interferences, that the products made by Allen and his associates as a result of the process were not proved to be of known utility or to be satisfactory for any intended purpose, and that the

---

1. "Count II—A method of preparing a finely divided white pigment product which comprises reacting a finely divided calcium silicate in an aqueous slurry with an acid that forms a substantially water-insoluble salt with calcium in an amount sufficient to decompose substantially all the calcium silicate, thereby forming a finely divided precipitate containing silica and a calcium salt of said acid, and separating and drying said precipitate."

reduction to practice had not been established. Even if error were committed as to the court's findings on those points contrary to those of the Board (and we do not intimate that there was error), this would give no comfort to appellants because, as pointed out by the Board, even if a product as required by the count had been produced by Allen or his associates, this would not dispose of the priority issue as the other issues, including that of known utility or showing of satisfaction for the intended purpose and reduction to practice, remained to be considered.

■ While we are not bound by the trial court's findings of fact, see e. g., Broderson v. Marzall, 90 U.S.App.D.C. 78, 194 F.2d 138; L-O-F Glass Fibers Co. v. Watson, 97 U.S.App.D.C. 69, 228 F.2d 40, we cannot say that in the present case the finding of the trial court in favor of appellees on the question of known utility, satisfaction for any intended purpose, and reduction to practice is not a reasonable one on the evidence, or that it is clearly erroneous. Miller v. Weeks, 97 U.S.App.D.C. 138, 229 F.2d 21; Standard Oil Dev. Co. v. Marzall, 86 U.S.App.D.C. 210, 181 F.2d 280.

Appellant relies heavily on Corona Cord Tire Co. v. Dovan Chemical Corp., 276 U.S. 358, 48 S.Ct. 380, 387, 72 L.Ed. 610, and particularly the language on pages 373 and 383 of 276 U.S., on page 387 of 48 S.Ct., the latter language being used out of context. There the Court was discussing the alleged abandonment, by the claimed inventor, of the results of laboratory experiments. The Court said:

"It is said that these tests of Kratz were mere abandoned laboratory experiments. There was no abandonment in the sense that Kratz had given up what he was seeking for in demonstrating a new and effective accelerator in D. P. G. If he had been applying for a patent for the discovery he clearly could have maintained proof of a reduction to practice. A *process is re-*

*duced to practice when it is successfully performed.* A machine is reduced to practice when it is assembled, adjusted and used. A manufacture is reduced to practice when it is completely manufactured. A composition of matter is reduced to practice when it is completely composed." [Emphasis supplied. The emphasized material is the language quoted in appellants' brief.]

From this, appellant contends that the trial court erred in failing to conclude as a matter of law that, in order to establish a reduction to practice of a process, it is unnecessary to prove also a reduction to practice of the product of that process. But here the activities of Allen and his associates were found not to have attained certainty and were found to have fallen short of demonstrating the capacity of the invention to produce the desired result.

The Corona case has been distinguished by the Court of Customs and Patent Appeals in several cases. See Birmingham v. Randall, 1948, 171 F.2d 957, 36 C.C.P.A., Patents, 780; Schmutzer v. Ayers, 1942, 129 F.2d 703, 29 C.C.P.A., Patents, 1176; Buffington v. Blair, 1941, 121 F.2d 635, 28 C.C.P.A., Patents, 1382. The Corona case has also been cited and distinguished in this court in Knutson v. Gallsworthy, 1947, 82 U.S.App.D.C. 304, 315, 164 F.2d 497, 508, in an opinion by Judge Prettyman.

Appellants also complain that the trial court refused to admit the Patent Office records, despite the mandatory provisions of 35 U.S.C. § 146. A reading of the record of the trial, the pre-trial proceedings, and the stipulations of counsel indicates that the court proceeded strictly within the limits of those proceedings and stipulations and that, further, no rights of appellants were violated in the regard complained of under the circumstances of this case.

We have examined the other points relied on by appellants and find no error.

Affirmed.