Henry B. DEANE and Kathleen P. Deane, Appellants,

v.

UNITED STATES of America, Appellee.

No. 13575.

United States Court of Appeals District of Columbia Circuit.

Argued April 4, 1957.

Decided May 16, 1957.

Petition for Rehearing In Banc Denied June 13, 1957.

Bastian, Circuit Judge, dissented.

Mr. Robert R. Faulkner, Washington, D. C., with whom Mr. Richard E. Shands, Washington, D. C., was on the brief, for appellants.

Mr. Milton Eisenberg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Riley Casey, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

EDGERTON, Chief Judge.

This appeal is from a judgment for the defendant in a suit against the United States under the Tort Claims Act [28 U. S.C.A. §§ 1346, 2671–2680]. On behalf of his employer, the American Surety Company of New York, plaintiff Henry B. Deane called on a Mr. Audette in the government office where he worked, on business that concerned the government. Plaintiff entered the office from a public corridor, through an unlocked door with Mr. Audette's name on it, after seeing him through frosted glass in the door. Just inside the room, a slack electric cord lay on the floor across the entrance, connecting an outlet in the wall on plaintiff's left with an adding machine close to filing cabinets on his right. The outlet to which the cord was attached was about 6 feet from the floor and 8 to 10 inches from the door, and the cord hung to the floor about 4 inches from the wall. When he entered the room the plaintiff immediately greeted Mr. Audette, who was using the adding machine. He told the plaintiff to come in and turned to get him a chair. Plaintiff slipped or tripped on the cord, fell, and was badly injured.

As the court found, the plaintiff was an "invitee" and his "fall was the proximate result of the cord on the floor." But the court found that he was negligent and that the defendant was not negligent. The findings regarding negligence are in our opinion clearly erroneous. We think it clearly negligent to let a slack electric cord lie on the floor across the entrance to a public office during business hours, with no warning either printed or oral. We think it clearly not negligent for a visitor to fail to discover and avoid this extraordinary hazard.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BASTIAN, Circuit Judge (dissenting).

I believe we should affirm. The trial court, sitting without a jury, heard and saw the witnesses, made a personal inspection of the premises involved, delivered a lengthy oral opinion, made exhaustive findings of fact, and concluded that the defendant [appellee] was not negligent, but that, even if it were, the plaintiff [appellant] was contributorily negligent and did not use ordinary and reasonable care for his own safety. I think that not only was the action of the trial court not "clearly erroneous," under Rule 52(a), F.R.Civ.P. 28 U.S.C.A., but that it was clearly correct. United States v. Yellow Cab Co., 1949, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150; United States v. United States Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 364, 92 L.Ed. 746.